[S. F. No. 492.   Department Two.—January 4, 1897.]

ANDREW VERDELLI, etc., Respondent, v. GRAY'S HARBOR COMMERCIAL COMPANY, Appellant.

Negligence—Injury to Minor—Unusual Work upon Dangerous Machine—Directions of Foreman—Failure to Instruct.—In an action for damages for alleged negligence, where the case made for the plaintiff shows that he was a minor, and was employed by the defendant to work upon a dangerous machine, and was directed by defendant's foreman to do unusual work thereon, to which he was unaccustomed, and which was not such as the machine was adapted to do properly without special adjustment, and a special mode of operation, and that plaintiff was injured in the doing of such work, and had never been instructed by the foreman, nor by any agent of defendant, how to operate the machine, or warned of any danger to which he might be exposed in operating it, a judgment for the plaintiff cannot be disturbed for want of evidence to justify and support the verdict.

Id. — Pleading — Several Charges of Negligence — Proof of One Charge—Support of General Verdict.—Where the complaint sets forth several charges of negligence, upon each one of which issue is taken, a general verdict for the plaintiff will not be set aside for want of evidence to support it, if there is sufficient evidence of negligence to justify it on one of the issues.

Id.—Evidence — Cause of Accident — Statement of Plaintiff to his Attorney—Privileged Communication. — The plaintiff, in an action for negligence, cannot be compelled to state whether, when he consulted his attorney after the accident happened, he did not make a different statement to him as to the cause of the accident, from that made by him upon the witness stand.

Id.—Attorney and Client — Policy of Law — Protection of Client. It is the policy of the law to encourage confidence between attorney and client, and to protect confidential communications between them from forced disclosure; nor can a client be compelled to disclose communications which his attorney cannot be permitted to disclose.

Id.—Cross-examination—Improper Hypothetical Question to Expert —Condition of Machine.—The defendant cannot put a hypothetical question on cross-examination of plaintiff's witness, addressed to him as an expert, in reference to the condition of the machine at the time when plaintiff was injured, when no inquiry relating thereto was made upon the direct examination; and, in such case, it is proper for the court to rule that such question could only be put to the witness when called as a witness for the defendant.

Id.—System of Promoting Boys—Inadmissible Evidence.—In an action for negligence involving the question whether plaintiff had received sufficient instruction to enable him safely to operate the machine by which he was injured, it is proper to reject evidence for the defendant that it had a system of taking boys in and gradually promoting them to higher places.

ID.—STRIKING OUT IRRELEVANT EVIDENCE—QUALIFICATION OF PLAINTIFF FOR OTHER WORK—OPINION OF WITNESS.—It is proper to strike out as irrelevant the opinion of a witness as to the qualification of the plaintiff for other work than that in which he was injured, and which had no connection therewith.

ID.—IMMATERIAL EVIDENCE OF DEFENDANT'S WITNESS—HARMLESS RULING.—It is not error to exclude the immaterial evidence of a witness for the defendant as to what work he was doing when he first went to the mill, or what machine he had been working at before he took charge of the machine upon which plaintiff was injured; and the ruling is harmless where it appears that the evidence excluded was fully brought out on cross-examination of the witness.

ID.—PROOF OF ALLEGATIONS OF COMPLAINT — REFUSAL OF INSTRUCTION GIVEN IN EFFECT — RULING WITHOUT PREJUDICE. — It is not prejudicial to refuse a requested instruction as to the necessity of proving the allegations of negligence set forth in the complaint, when an instruction given by the court is in effect the same as that refused.

ID. — INSTRUCTION BASED UPON INCORRECT ASSUMPTION OF VARIANCE. It is proper to refuse an instruction requested by the defendant when based upon an incorrect assumption that the claim of negligence relied upon by the plaintiff in proof was not the claim set up in the complaint, when in fact there was evidence tending to show that defendant had been guilty of negligence alleged in the complaint, and that by reason of such negligence plaintiff was injured.

ID.—NEGLECT OF FOREMAN TO INSTRUCT MINOR EMPLOYEE—LIABILITY OF DEFENDANT—INSTRUCTION.—In an action for an injury to a minor plaintiff, caused by negligence of the defendant in putting him to unaccustomed work on a dangerous machine, without proper instruction, it is proper to instruct the jury that if the superintendent or foreman of the defendant was negligent in putting the plaintiff to work without proper instruction, such negligence is in law that of the defendant, and the defendant is liable for it.

APPEAL from a judgment of the City and County of San Francisco and from an order denying a new trial. JOHN HUNT, Judge.

The facts are stated in the opinion of the court.

*Van Ness & Redman,* for Appellant.

A judgment cannot be sustained on appeal when the case proven and found is not the case made by the complaint, though another good cause of action may appear in favor of the plaintiff. (*Bryan* v. *Tormey,* 84 Cal. 126.) The *allegata* and *probata* must correspond. (*Stout* v. *Coffin,* 28 Cal. 65; *Mondran* v. *Goux,* 51 Cal. 151; *Devoe* v. *Devoe,* 51 Cal. 543; *Murdock* v. *Clarke,* 59 Cal. 683;

*Burke* v. *Levy*, 68 Cal. 32.) Although counsel is not allowed to make disclosures of confidential communications from his client, yet, if the client sees fit to be a witness, he makes himself liable to full cross-examination like any other witness. (*Woburn* v. *Henshaw*, 101 Mass. 193; 3 Am. Rep. 333; Code Civ. Proc., sec. 1881; *Satterlee* v. *Bliss*, 36 Cal. 507.) Defendant should have been allowed to show by witness Pye that during the time the witness had been in the employ of defendant no accident similar to that which happened to plaintiff had occurred to anyone operating the machine. (*Sappenfield* v. *Main Street etc. R. R. Co.*, 91 Cal. 48, and cases cited.)

*Walter P. Stradley*, and *William M. Cannon*, for Respondent.

Where evidence is conflicting, as it is here on most points, it must be assumed that the evidence tending to support the judgment is true. (*California Bank* v. *Sayre*, 85 Cal. 102; *Woody* v. *Bennett*, 88 Cal. 241.) Plaintiff was required to show simply that the acts complained of were negligent under the existing circumstances of time, place, and person. (*Smith* v. *Whittier*, 95 Cal. 279; *Ingerman* v. *Moore*, 90 Cal. 410; 25 Am. St. Rep. 138; *Jones* v. *Florence Min. Co.*, 66 Wis. 277; 57 Am. Rep. 269; *Ryan* v. *Los Angeles Ice etc. Co.*, 112 Cal. 244; *Baxter* v. *Roberts*, 44 Cal. 187; 13 Am. Rep. 160; *Mullin* v. *California Horseshoe Co.*, 105 Cal. 77; *Fisk* v. *Central Pac. R. R. Co.*, 72 Cal. 38; 1 Am. St. Rep. 22.) Where the verdict is a general one, and there is sufficient evidence to justify the verdict on one of the issues, the verdict will not be set aside. (*Crosett* v. *Whelan*, 44 Cal. 200; *Moore* v. *Moody*, 88 Cal. 273.) It is only where a proper foundation is laid by the cross-examination of the witness as to the supposed contradictory statements, that they are admissible in evidence for the purpose of impeaching credit. (*Hall* v. *Bark "Emily Banning,"* 33 Cal. 522.) The statement sought to be elicited by defendant's counsel from plaintiff, was a confidential

communication by plaintiff to his attorney. (Code Civ. Proc., sec. 1881.) Communications which the lawyer is precluded from disclosing, the client cannot be compelled to disclose. (Wharton on Evidence, secs. 578, 583; Cooley, C. J., in Am. Law Reg., Feb. 1879; Stephen on Evidence, art. 116; *Hughes* v. *Biddulph*, 4 Russ. 190; *Vent* v. *Pacey*, 4 Russ. 193; *Thompson* v. *Falk*, 1 Drew. 21; *Duttenhofer* v. *State*, 34 Ohio St. 91; 32 Am. Rep. 362; *Bigler* v. *Reyher*, 43 Ind. 112; *Barker* v. *Kuhn*, 38 Iowa, 395; *Bobo* v. *Bryson*, 21 Ark. 387; 76 Am. Dec. 406; *Hemenway* v. *Smith*, 28 Vt. 701; *State* v. *White*, 19 Kan. 445; 27 Am. Rep. 137.) An act of negligence cannot be excused by evidence that it was done in conformity with a custom or usage long established. (*Kelly* v. *Cunningham*, 1 Cal. 366; *Hill* v. *Portland etc. R. R. Co.*, 55 Me. 438; 92 Am. Dec. 601; *Hibler* v. *McCartney*, 31 Ala. 501; *Hinckley* v. *Barnstable*, 109 Mass. 126; *Lawrence* v. *Hudson*, 12 Heisk. 671; *Cleveland* v. *New Jersey Steamboat Co.*, 5 Hun, 523; *Sewall's Falls Bridge* v. *Fisk*, 23 N. H. 171.) The declaration of witness Griffin that the pony planer was a perfectly simple machine, was properly stricken out, as it was the opinion of the witness. (*Sappenfield* v. *Main Street etc. R. R. Co.*, 91 Cal. 48.) Testimony that no other accident had happened to any other employee under similar circumstances to plaintiff's would have force upon a collateral fact, and it was inadmissible. (*Hodges* v. *Bearse*, 129 Ill. 87; *Collins* v. *Dorchester*, 6 Cush. 396; *Branch* v. *Libbey*, 78 Me. 321; 57 Am. Rep. 810; *Hudson* v. *Chicago etc. R. R. Co.*, 59 Iowa, 581; 44 Am. Rep. 692; *Aldrich* v. *Pelham*, 1 Gray (Mass.), 511; *Temperance Hall Assn.* v. *Giles*, 33 N. J. L. 260; *Schoonmaker* v. *Inhabitants etc.*, 110 Mass. 134; *Hubbard* v. *Concord*, 35 N. H. 52; 69 Am. Dec. 520; *Towle* v. *Pacific Imp. Co.*, 98 Cal. 342.) The court did not err in instructing the jury that the duty resting upon defendant to instruct plaintiff was one which could not be delegated to agents. (*Ingerman* v. *Moore, supra; Maglinchey* v. *Southern Pac. Co.*, Cal. Dec., May 20, 1896.)

THE COURT.—The plaintiff was employed by the defendant in its box factory, and on October 5, 1893, was operating a planing machine, called a pony planer. While so engaged his hand was caught in the knives of the machine and was so injured that it had to be and was amputated.   He brought this action to recover damages for his injuries and obtained a verdict for seven thousand five hundred dollars, on which judgment was entered.   Upon motion for new trial the judgment was reduced to five thousand dollars, and the motion denied. From the judgment as modified and the order refusing a new trial the defendant has appealed.

The facts alleged in the complaint may be briefly stated as follows: The plaintiff was a minor and was employed by the defendant in its box factory.   He was inexperienced in and ignorant of the dangers attending the operation of planing machines; and the defendant, knowing this, failed to warn him of the danger attending the operation of the machine (by which he was injured), or sufficiently or at all to instruct him how to operate it.   The foreman of defendant, well knowing that plaintiff was a minor and inexperienced in the operation of planing machines, ordered him to operate one of its machines, the knives of which were not covered by the blower, which was usually attached to said machine for the purpose of carrying off the shavings and protecting the operator.   The said foreman ordered plaintiff to plane a lot of lumber with said machine, which lumber was, as said foreman well knew, too heavy to be with safety to plaintiff run through the machine, and the operation thereof, under these circumstances, was extremely hazardous to him.   While operating said machine, in pursuance of this order, plaintiff, being unaware of the danger, attempted to push a large plank through it, but the plank was too heavy for the machine, whereupon, without any fault on his part, he was, by reason of the jerking of said plank, thrown over upon the machine, so that his hand became entangled in its knives and was so cut that it had to be amputated.

The answer denies that the purpose of the so-called "blower" was to protect the operator from the knives of the machine; denies that the lumber the plaintiff was planing at the time of his injury was too large for the machine; denies that the plaintiff was inexperienced, etc.; and sets up that the plaintiff was perfectly familiar with the machine, had often operated it before he was hurt, and that his injury was wholly due to his own carelessness.

Appellant contends that the verdict was not justified by the evidence, and that the court erred in several of its rulings upon the admission of evidence, and in giving and refusing certain instructions to the jury.

1. Plaintiff was eighteen years and five days old when he was injured, and had been in the employ of defendant about seventeen months. He testified in substance that he had never operated a planing machine until about two months before he was hurt, and during that time he had worked on it only off and on, not regularly. Sometimes he would go on maybe once a week, or two or three times a week, and assist on it for an hour or two a day. And during that time he had planed only light stuff—tea stock and orange stock, as it is called—but never heavy stuff such as he was planing at the time of the accident. He had never been instructed by the foreman of defendant, or by any of its agents or employees, how to operate the planer, or warned of the danger to which he might be exposed in operating it.

And as to how the accident happened, he testified as follows: "Just before I went to work I was standing at the planer, and I looked up at the fan that gives suction to the blower, and while I was looking up the foreman came along and told me to never mind the blower, to go ahead with my work; that it was not necessary to run the blower for that machine alone. The foreman was Mr. Pye. I was working under his orders those two days. I went to work, and was working on some stuff, some molding or other, which was eighteen inches wide, and was one and one-fourth inches thick, so I set

my planer to one and one-sixteenth to take off one-sixteenth. I got two pieces through, and I set my gauge down to one inch. I took one piece, which was alongside there, to run it through, and to plane it down to one inch, and while I was in the attempt of getting it through, it did not go through, and I kept shoving, pushing on it, to force it through. I had it pretty near the end, and I got down on my right hand to force it through, and the board gave way all at once, like a jerk, and I lost my balance and threw my hand up to save myself, up on the bonnet; I was hanging over the bonnet to keep myself from going over. I kept forcing my hand to raise myself, but my hand continued slipping off the bonnet, so I made an attempt to throw the belt over with my left hand, and I think that my foot gave way and I slipped also; my hand went into the knives, and that is the last I recollect. I pulled my hand from the knives, and found it cut off."

It was also proved by expert witnesses, who were well acquainted with the pony planer by which plaintiff was injured, that it was designed to do very light work, to plane small stuff, and that if a board, such as plaintiff was handling, should be put in it the belts should be tightened, and to plane it down one-sixteenth it should be run through twice, taking off one thirty-second of an inch at one time.

The law applicable to cases of this kind has been many times declared by this court. In *Ingerman* v. *Moore*, 90 Cal. 410, 25 Am. St. Rep. 138, it is said: "It is well settled that one who enters the service of another takes upon himself the ordinary risks of the employment; and if he is an adult, and engages to do a particular work, the employer has a right to presume, unless otherwise informed, that the employee is competent to perform it, and understands and appreciates such risks. But, on the other hand, when one who is known to be an inexperienced person is put to work upon machinery which is dangerous to operate unless with care, and by one familiar with its structure, the em-

ployer is bound to give him such instructions as will cause him to fully understand and appreciate the danger attending the employment, and the necessity for care." And the court quoted with approval the following language of the supreme court of Wisconsin, as reported in *Jones* v. *Florence Min. Co.*, 66 Wis. 277, 57 Am. Rep. 269: "We think that it is now clearly settled that if a master employs a servant to do work in a dangerous place, or where the mode of doing the work is dangerous, and apparent to a person of capacity and knowledge of the subject, yet if the servant employed to do work of such a dangerous character or in a dangerous place, from youth, inexperience, ignorance or want of general capacity, may fail to appreciate the dangers, it is a breach of duty on the part of the master to expose a servant of such character, even with his own consent, to such dangers, unless he first gives him such instructions or cautions as will enable him to comprehend them, and do his work safely with proper care on his part."

And in *Mullin* v. *California Horseshoe Co.*, 105 Cal. 77, it is said: "The law is settled beyond controversy that it is the duty of an employer to furnish a suitable and safe place for his employee to work, and suitable and safe appliances and machinery for him to work with; and this duty cannot be delegated to another so as to exonerate the employer from liability to an employee who is injured in consequence of the omission to properly perform the act or duty, whether that other is a superior officer, agent, or servant, or a subordinate or inferior agent or servant. In either case, in respect to such act or duty, the person who undertakes or omits to perform it is the representative of the employer, and not a mere fellow-servant with the one who is injured. And when it is claimed that the injured employee was himself guilty of such negligence as to bar him from recovering damages for his injuries, it must appear that he not only knew, or had the means of knowledge, of the unsafeness of the place, appliances or machinery,

but also that he knew, or ought to have known, of the danger to which he was himself personally exposed." (And see also *Ryan* v. *Los Angeles etc. Co.,* 112 Cal. 244, and *Foley* v. *California Horseshoe Co., ante,* p. 184.)

The issues raised by the answer were questions of fact for the jury, and, while the evidence was quite voluminous and in some respects conflicting, it appears from the verdict that the jury must have believed the statements of plaintiff to be true. The judgment cannot therefore be reversed for want of evidence to justify and support the verdict.

2. The point is made that the claim of negligence relied upon in support of the verdict is not the claim set up in the complaint.

It is alleged and claimed that defendant was guilty of negligence in several respects, and, among others, those above set out. And, as we have seen, there was evidence to support the allegations referred to. The rule is that when the verdict is a general one, and there is sufficient evidence to justify the verdict on one of the issues, the verdict will not be set aside. (*Crosett* v. *Whelan,* 44 Cal. 200.) This point cannot therefore be sustained.

3. As to the alleged errors in law. When plaintiff was on the stand as a witness he was asked, on cross-examination: "How soon after the accident happened was it before you consulted Mr. Stradley [his attorney] in relation to it?" This question was objected to as incompetent, irrelevant, and immaterial, and counsel for defendant then stated: "I propose to ask him if he did not make to Mr. Stradley at the time he consulted him, before we were communicated with by his attorney, a different statement as to the cause of the accident than that which he now makes upon the stand." "*The Court.* You cannot do that. The objection is sustained." This ruling was excepted to, and is assigned as error.

It is the policy of the law to encourage confidence between client and attorney, and to protect confidential

communications between them from forced disclosure. It was a rule of the common law, and is declared by our statute, that "An attorney cannot, without the consent of his client, be examined as to any communication made by the client to him, or his advice given thereon in the course of professional employment." (Code Civ. Proc., sec. 1881.) It is also a general and almost universally accepted rule that a client cannot be compelled to disclose communications which his attorney cannot be permitted to disclose. (Wharton on Evidence, 3d ed., secs. 576–83; 7 Am. & Eng. Ency. of Law, 104.)

When plaintiff's witness, Johnson, was on the stand, he was asked, on cross-examination, a hypothetical question as to the condition of the planer at the time plaintiff was injured. The question was objected to, and the objection sustained. Counsel for defendant then stated: "I will repeat the question, and ask it as a matter of expert testimony. On cross-examination I will examine you as an expert." The court ruled that it was no part of the cross-examination, but stated that counsel might make the witness his own witness, which he declined to do. In these rulings we see no material error.

Defendant sought to prove by one of its witnesses that it had a system of taking boys in, and gradually promoting them to higher places. An objection to this evidence was sustained, and the court said: "You may show what was done in respect to this boy's case." This ruling was proper. It does not follow, because other boys had passed through the shop, and operated its machinery successfully, that plaintiff had received sufficient instruction to enable him to operate safely the machine in question.

The defendant's witness Pye was asked to state in what way the plaintiff learned to run the saw with which they were cutting up wood. He replied that plaintiff was assistant to the man who ran the cut-off saw; that he held the end of a board, and any time the sawyer cut off a piece he advanced it in his hand, adding, "which qualifies him to run a saw of that kind."

This last clause of the answer was properly stricken out on motion of plaintiff. He was not injured by the cut-off saw, and there was no connection between that and the pony planer. He might have been qualified to run the saw and not the planer. Besides, it was only an expression of opinion.

Defendant's witness, Griffin, was nineteen years old, and had been working in its box factory about two years; he was running the pony planer, and had been working on it about six months. He testified as to the kind of work he had done on the planer, and how he did it, and was then asked what work he was doing when he first went into defendant's mill. This question was objected to as incompetent, irrelevant, and immaterial, and defendant's attorney then stated that he wanted to show that the witness went through the same experience that the plaintiff went through; that he was put in charge of the pony planer, and learned to operate it just as the plaintiff did. Thereupon the attorney asked the witness: "When you took charge of the pony planer, or when you came to the pony planer, what machine had you been working at?" To this question plaintiff's attorney interposed the same objection, adding, "unless it is proposed to show that he is an expert." Defendant's attorney at once stated: "I propose to show it," but the court sustained the objection.

We see no error in these rulings. It was immaterial what work the witness was doing when he first went into defendant's mill, or what machine he had been working at before he took charge of the pony planer. Besides, the testimony sought to be elicited by the questions objected to was fully brought out in the cross-examination of the witness.

Several other questions were propounded to one of defendant's witnesses, and excluded on objection of plaintiff. We fail to see any material error in the rulings complained of, and therefore pass them by without further notice.

In accordance with the theory that the claim of negligence relied upon by the plaintiff was not the claim set up in the complaint, defendant requested the court to instruct the jury, in effect, that the plaintiff must prove the particular negligence alleged in his complaint or he could not recover; that though the jury should be satisfied that the defendant was negligent in some respects, and that the injury to plaintiff was because of such negligence, still the verdict must be for defendant if the negligence proved was not charged in the complaint; that the plaintiff can only recover upon the cause of action stated in the complaint, and not otherwise.

The court refused to give the instruction as requested; but in lieu thereof gave the following: "The plaintiff must prove the allegations contained in his complaint, and, if he has failed to do this, the verdict must be for the defendant."

The defendant could not have been prejudiced by this action of the court, for the reason that the instruction given, though brief, was in effect the same as that refused.

The court instructed the jury very fully and fairly, and, at the close of the written instruction, said: "Counsel in the case have so thoroughly covered the law, as I understand it, upon this subject, that I have only to state a word to you in conclusion. If the superintendent, or foreman, of the defendant was negligent in putting the plaintiff to work without proper instruction, such negligence is in law that of the defendant, and the defendant is liable for it."

This instruction is criticised by counsel for defendant, but it states the law substantially as it is declared in the cases above cited, and must be upheld.

The judgment and order appealed from must be affirmed, and it is so ordered.

Hearing in Bank denied.