EMIL KLAFFKE v. BETTENDORF AXLE Co., Appellant.

**Master and servant:** NEGLIGENCE: EVIDENCE. The evidence in an action for a personal injury is considered and held to justify a finding, that there was negligence on the part of the master in failing to warn plaintiff of the danger incident to the operation of the machinery with which he was employed; and that there was not such contributory negligence as would defeat recovery.

**Negligence of coemploye.** The negligence of a coemploye in failing to warn a servant of the danger incident to his employment, will not relieve the master from liability, where the master was bound to have known the danger and the same was not within the knowledge of the servant.

**Evidence:** LIABILITY OF MASTER. Where the master failed to warn a servant of the danger incident to his employment, evidence that instructions in relation thereto were given the superintendent and a fellow workman, is inadmissible.

*Appeal from Scott District Court.*— HON. JAMES W. BOLLINGER, Judge.

WEDNESDAY, OCTOBER 19, 1904.

ACTION to recover for personal injuries received by plaintiff while in the defendant's employ. Verdict and judgment for plaintiff. Defendant appeals.— *Affirmed.*

*J. A. Hanley,* for appellant.

*Wm. M. Chamberlin,* for appellee.

McCLAIN, J.— Plaintiff was engaged at the time of his injury in operating, with one Reese, a ponderous and powerful hydraulic punching press. In its operation one of the punches was frequently broken, and it was necessary to unscrew certain nuts and take out the broken punch from between the jaws of the machine and substitute a new one in its place. At the time of the injury to plaintiff, Reese was in charge of the operation of the levers by which the hydraulic pressure was applied or cut off, and, having so placed the levers as that the power was cut off while the jaws of the machine were open, the plaintiff proceeded to remove a broken punch. While his hands were between the jaws of the machine, without any act on the part of Reese, and without warning, the machine started up, and the jaws came together so as to catch the plaintiff's hands and inflict upon them great injury. It appears from the evidence that the machine had frequently before this time, to the knowledge of Reese and other employes who had been connected with its operation, started up without warning, when the levers were so placed as to entirely cut off the hydraulic power; but it is not shown that the plaintiff, who had been working about the machine for less than a week preceding the accident, had any knowledge of this fact, and it appears that no instruction had been given him with reference to the proper method of operating the machine so as to avoid this danger, nor had he been warned thereof. The

*[margin note: 1. NEGLIGENCE: evidence.]*

testimony of the witnesses tended to show, however, that the danger might have been avoided if Reese had blocked the levers so that they could not be jarred loose by the vibrations due to the operation of other machinery in the same room, and also might have been avoided by shutting off the hydraulic pressure by means of the closing of two valves in the pipes above the machine by which water power was applied to it. As to the use of these valves, it appeared that the operation of setting a new punch could not be completed while the power was entirely cut off by closing the valves. There is no evidence that plaintiff was advised in any way that it was necessary to close these valves in order to render the operation of setting a new punch safe, nor does it appear that the plaintiff was aware of any necessity of blocking the levers during such operation.

Under the evidence as thus stated, we think the jury was justified in finding, in accordance with the court's instructions, that defendant was negligent in the failure of its proper officers and managers in charge of the work about which plaintiff was engaged to warn him of the danger; which must be assumed to have been known to them by reason of the general knowledge of its existence for a considerable period of time that, unless the levers were blocked, they would jar loose, and let on the hydraulic pressure, so that the machine would start up without warning, and cause serious danger to the one whose hands were necessarily between the jaws in performing the operation of putting in a new punch; that plaintiff had no knowledge of this danger; and that there was no contributory negligence on the part of the plaintiff, because he had no knowledge of the danger, and had reason to suppose that, if the levers were properly operated, they would control the action of the jaws. There is no difficulty as to the rules of law applicable to the facts which the jury were thus authorized to find. It was the duty of the defendant to use reasonable precaution to see that the machinery was kept in good repair and proper con-

dition so far as it concerned the safety of the employes; and plaintiff, on the other hand, was not under obligation to look after the general condition of the machine, but might properly rely upon the defendant to do so, and did not assume the risk of any danger in the management of the machine of which, as a reasonable and prudent man, he was not charged with knowledge.

It is argued that Reese, who was operating the levers while plaintiff was engaged in feeding the machine just prior to the stoppage for the purpose of putting in a new punch, was negligent in not blocking the levers,

2. NEGLIGENCE OF CO-EMPLOYE.
and that he was a co-employe of the plaintiff, for whose negligence plaintiff cannot recover. It is a sufficient response to this contention to say that, irrespective of Reese's negligence, the machine was dangerous in view of the fact that it would start up without the intervention of the person in charge of it, and of this plaintiff should have been advised; and, further, that, while contributory negligence of the plaintiff himself would defeat his recovery, even though defendant was also negligent, the contributing negligence of Reese, a co-employe, would not relieve defendant from liability for the negligence of its officers or managers in failing to warn plaintiff of a danger of which they were bound to have knowledge, but which was not within the knowledge of the plaintiff. *Ransier v. Minneapolis & St. L. R. Co.,* 32 Minn. 331 (20 N. W. Rep. 332); *Sherman v. Menominee River Lumber Co.,* 72 Wis. 122 (39 N. W. Rep. 365, 1 L. R. A. 173); *Cone v. Delaware, L. & W. R. Co.,* 81 N. Y. 206 (37 Am. Rep. 491); *Cayzer v. Taylor,* 10 Gray, 274 (69 Am. Dec. 317); *Monmouth Min. & Mfg. Co. v. Erling,* 148 Ill. 521 (36 N. E. Rep. 117, 39 Am. St. Rep. 187); *Texas & P. R. Co. v. Scott,* 64 Tex. 549.

Complaint is made that the court refused to allow the defendant to show that instruction was given to the superintendent and to Reese as to the use of the valves and levers in shutting off the power; but the difficulty with this proposed

evidence was that it did not tend to show that any such 3. EVIDENCE: instruction was given to the plaintiff. But de- liability of master. fendant was charged with the duty of seeing to it that plaintiff was instructed as to the proper use of the dangerous machinery if the proper method of using it was not obvious to an ordinary person, and defendant cannot escape liability by showing that proper instructions were given to some superintendent or other employe. There is also complaint as to an instruction in which it was left to the jury to say whether or not the accident was due to a risk which the plaintiff assumed; but the law as to the assumption of risk was correctly stated, and it was for the jury to say whether the facts were such as to show such assumption of risk.

We find no error, and the judgment is *affirmed.*