[S. F. No. 12145. Department Two.—January 25, 1928.]

MARY J. OLSON, Appellant, v. WHITTHORNE & SWAN (a Corporation), Respondent.

John H. Tolan and Ben F. Woolner for Appellant.

Snook & Brown, Everett J. Brown and Thomas J. Ledwich for Respondent.

SHENK, J.—This is an appeal from a judgment of nonsuit in an action for damages for personal injuries. The defendant conducts a retail dry-goods store in a building bounded by Washington, Tenth, and Eleventh Streets in the city of Oakland. On the Tenth Street side of the store there are two swinging doors, used for the purposes of entrance and exit by the patrons of the store. These doors are about seven feet back from the property or building line, and leading thereto from the sidewalk is a cement passageway. On each side of this passageway are show-windows. Each of the swinging doors is two inches thick, three feet wide, and seven feet high. They are made of wood with an oak veneer, have heavy plate-glass panels, and weigh from 120 to 130 pounds each. They are admittedly of standard construction and are equipped with Rixon spring checking devices. Each door swings out and in for the accommodation of customers, and may be swung open to a position of ninety degrees or at right angles to the threshold line.

On Saturday, the thirteenth day of June, 1925, the plaintiff had made some purchases at the store and was proceeding to pass out of the Tenth Street entrance through the right-hand door. Instead of continuing to pass through and beyond this door she paused to hold the door open for a lady following immediately behind her. In doing so the plaintiff stepped into the swing area of the left-hand door, through which a third lady was hastily proceeding. The rebound of the left-hand door struck plaintiff and she thereby received the injuries complained of.

The evidence on behalf of the plaintiff consisted of her own testimony and that of a city building inspector. The plaintiff testified that she had used these swinging doors on many occasions and was familiar with their operation. The building inspector testified as to certain experiments made by him a few days before the commencement of the trial. From these experiments he stated that the doors when opened had a tendency to come back on their own rebound and "break" from four to six inches from the center line;

that is to say, the opened doors swung back across the center line from four to six inches and then stopped "dead still." He further testified that the rebound was the same when the doors were pushed back to the full ninety degrees. It seems to be the theory of the plaintiff that the spring was not adjusted at the proper tension on the day of the accident. It was stipulated that the doors at the time of the accident were generally in the same condition as at the time of the experiments nearly a year later, but there was no evidence as to the tension of the adjustable door springs and their rebound on the day in question. There was no proof of negligence on the part of the defendant in the installation, maintenance, operation, or supervision of the doors, nor of any defect in anything connected therewith at the time of the accident.

The plaintiff contended in the trial court and now contends that the doctrine of *res ipsa loquitur* should apply to the situation presented on her behalf. We think this is a case to which the doctrine is not applicable. To render the doctrine applicable "it must be shown that the instrumentality causing the injury was under the control of the defendant and that the injury was caused by some act incident to that control," and the injury "must be of such a nature that it ordinarily would not have occurred but for the defendant's negligence." (19 Cal. Jur., pp. 708, 710.) It does not apply "where an unexplained accident might have been caused by plaintiff's negligence, or been due to one of several causes, for some of which the defendant is not responsible." (19 Cal. Jur., pp. 710, 711.)

Swinging doors in buildings and stores are installed and maintained for the accommodation of those who have occasion to enter such building. The operation of such doors is not within the exclusive control of the owner of the building or proprietor of the store. Customers and patrons take a very distinct part in their operation and are chargeable with the exercise of ordinary care in their use. Injury may occur in their operation from a lack of such care on the part of the persons who use them, and for whose negligence the owner or proprietor would be in nowise responsible. In the present case the injury to the plaintiff may have been caused by the negligent operation of the left-hand door shown by the evidence to have been hurriedly

used by the third lady when it rebounded and struck the plaintiff (*Smith* v. *Johnson*, 219 Mass. 142 [Ann. Cas. 1916D, 1234, L. R. A. 1915F, 572, 106 N. E. 604]; *Pardington* v. *Abraham*, 93 App. Div. 359 [87 N. Y. Supp. 670], affirmed in 183 N. Y. 553 [76 N. E. 1102]), or it may have been caused by the plaintiff's own negligent use of the right-hand door.

The trial court on the motion for a nonsuit ruled against the contention of plaintiff that the doctrine of *res ipsa loquitur* applied, and further held not only that no negligence was proved as against the defendant, but that if such negligence might be inferred from any of the evidence the plaintiff was guilty of contributory negligence as a matter of law. We think the court was justified in concluding that on any theory of defendant's responsibility in the matter the plaintiff was so guilty of contributory negligence. She testified that she was familiar with the operation of these particular swinging doors, had used them many times prior to the accident, and knew of their rebound. Notwithstanding this familiarity and knowledge she placed herself in a position of danger for reasons which were entirely personal to herself. Assuming, however, that the doctrine of *res ipsa loquitur* might justify an inference of negligence on the part of the defendant, and assuming further that the plaintiff had affirmatively proved negligence on the part of the defendant, still, if the plaintiff be, as here, properly found guilty of contributory negligence, such contributory negligence would defeat a recovery. The evidence fails to disclose the breach of any legal duty which the defendant owed to the plaintiff.

We therefore find no error in the order granting the motion for nonsuit. The judgment is affirmed.

Richards, J., and Langdon, J., concurred.