[Civ. No. 4851.   Third Appellate District.—January 25, 1935.]

EVERETT KLENZENDORF, a Minor, etc., et al., Appellants, v. SHASTA UNION HIGH SCHOOL DISTRICT et al., Respondents.

Jesse W. Carter and Dallas L. Barrett for Appellants.

L. C. Smith and Hiram R. Baker for Respondents.

PULLEN, P. J.—Everett Klenzendorf, a minor of the age of sixteen years, was a student regularly enrolled at the Shasta Union High School. Among other courses in the curriculum which he was taking was one in manual training, for which purpose the school conducted a workshop and as part of the equipment therein, maintained a machine known as a hand jointer. Klenzendorf as such student in the shop course operated the jointer as a part of his work in the class. This machine resembles a bench or table with an open slot, beneath which revolve steel blades operated by means of an electric motor. The blades rapidly rotate and as a piece of wood is passed along the surface of the bench, the blades are raised and come in contact with the wood, planing off the surface to the designated thickness.

At the time of the injury the jointer was protected by a wooden blade guard, which had prior to the accident been substituted for an iron guard which had been supplied by the manufacturer of the jointer as part of the original equipment.

Upon the day in question Everett Klenzendorf was in the act of passing a cylindrically-shaped piece of wood, approximately five inches in diameter and three inches in length, through the jointer when suddenly the piece of wood slipped, throwing the right hand of the boy forward, bringing it in contact with the blades, resulting in the loss of a portion

of his second, third and little fingers and permanently injuring the index finger.

A jury returned a verdict in favor of defendant, whereupon plaintiff, the father of the injured youth, in his own behalf and as guardian *ad litem,* now prosecutes this appeal.

The first point urged by appellants is that the trial court erred in admitting the testimony of several students in the shop study course that instructions in the operation of the jointer had been given by the teacher, without any showing being made, however, that plaintiff Everett Klenzendorf was present at such times. Some nine witnesses in the shop course, students and classmates of plaintiff Everett Klenzendorf, were called and asked what instructions, if any, were given by the teacher to the class with reference to use of the jointer. To this question counsel for plaintiffs interposed the objections that it was incompetent, irrelevant and immaterial and not within the issues and that no foundation had been laid therefor. The objections were overruled and each witness testified in substance that the class had been warned against running a piece of wood less than twelve inches in length through the jointer but if it were necessary to do so to always use a ''shoe'' to hold the material against the blades. On cross-examination only one of the witnesses could recall that plaintiff was present at any of such instructions.

Appellants cite several cases to support their proposition that a notice in respect to the manner of operating and the dangerous quality of the machine must be communicated to the person who is to use the same, and notice to others belonging to the same group as the injured employee is not admissible without first showing that the injured person was present and the instructions or notice were communicated to him. In support thereof counsel cites several cases, among them being *Gila Valley etc. Ry. Co.* v. *Hall,* 13 Ariz. 270 [112 Pac. 845]; *Grant* v. *Varney,* 21 Colo. 329 [40 Pac. 771]; *James* v. *Northern Pacific Ry. Co.,* 46 Minn. 168 [48 N. W. 783]; *Verdelli* v. *Gray's Harbor etc. Co.,* 115 Cal. 517 [47 Pac. 364, 778]; *Fox* v. *Peninsula etc. Works,* 84 Mich. 676 [48 N. W. 203]; *Klaffke* v. *Bettendorf Axle Co.,* 125 Iowa, 223 [100 N. W. 1116]. Appellants also refer us to 16 California Jurisprudence, page 1031, where a number of cases are cited supporting the rule that it is negligence for

the master to expose an employee to danger without first giving the servant such full and complete instructions as will enable him to work safely and with proper care, but the rule is there enumerated that whether or not the servant, or in this case the student, had received such warning and instructions, is a question of fact for the jury.

In the case of *Grant* v. *Varney, supra,* the court said: "The court below struck out certain evidence given by one of the witnesses for the defendants, and refused to admit other evidence offered by the defendants, tending to show that defendants had issued general rules and instructions to its workmen which provided, in substance, that the workmen who were engaged in running the drift should do timbering whenever they considered it necessary and essential for their safety. Such evidence was, of course, pertinent, and an offer to prove such rules by competent testimony should have been allowed."

In the case of *Gila Valley etc. Ry. Co.* v. *Hall, supra,* the rule is laid down that even an individual comment or warning made to a third person could be shown if there was anything to indicate "with any reasonable certainty that plaintiff heard the remark". These cases indicate to us that the rule here applicable is that it is for the jury to determine from all the facts and circumstances whether or not the injured boy was at any time in the class and heard the instructions of the teacher.

We also believe the testimony is admissible as proper rebuttal. A witness called by plaintiffs on their behalf was asked the following question: "Q. Now Mr. Wilson, prior to the injury to Everett Klenzendorf, which he received on May 27, 1931, was any instruction given to the class of which you and Everett were members with reference to the operation of a hand jointer? A. No." Defendants thereupon called the nine witnesses mentioned. Under our impression of the law we believe both the question in chief and the rebuttal were proper.

The instructor in the course testified positively that upon at least three different occasions he personally instructed plaintiff Everett Klenzendorf as to the precautions to be observed in the use of the jointer, warning him against running short pieces through the machine, two of these occasions being only a few days prior to the accident.

That plaintiff Everett Klenzendorf also had knowledge and had been notified of the dangerous character of the machine is evidenced by the fact that on the walls of the manual training shop near the machine in question, at a height approximately level with the eyes, and at a place passed by all of the students daily, in plain sight, and not far from the locker of plaintiff Everett Klenzendorf, appeared the following sign posted upon the wall:

"THE DANGEROUS JOINTER.

"How long is the block you want to joint? Don't put it on the jointer if it is less than 12 inches. If you do, you are in danger of cutting off the tips of your fingers. Be careful of your fingers—you have but one set, and can't afford to lose any."

(On this sign to attract attention, appears a picture of a boy standing at a jointer, running a short piece of wood through the machine.)

A second point relied upon by appellants for reversal is the refusal of the court to instruct the jury upon the doctrine of *res ipsa loquitur*. Appellants cite the case of *Damgaard* v. *Oakland High School District*, 212 Cal. 316 [298 Pac. 983], a case involving an explosion during the performance of a dangerous experiment in the chemical laboratory of the school. There the pleader did not attempt to set forth the items of defendant's omissions or to what causes the explosion was due. As to the particular omissions the pleader apparently knew nothing and alleged nothing. Under such circumstances the plaintiff had a right to rely upon the doctrine of *res ipsa loquitur,* but such doctrine is not applicable to the instant case. In the complaint is pleaded specific acts of negligence on the part of defendants, and specific defects in the jointer are alleged as well as the lack of certain safety devices thereon, and the inadequacy thereof; also that the evidence introduced at the trial tended to establish specific negligence and were facts well within the knowledge of plaintiff Everett Klenzendorf.

In the case of *Johnson* v. *Ostrom,* 128 Cal. App. 38 [16 Pac. (2d) 794], the court, in discussing the doctrine of *res ipsa loquitur,* said:

"The application of the doctrine of *res ipsa loquitur* depends upon the particular circumstances of each case. It is predicated on the theory that the complainant has no knowl-

edge of the direct cause of the accident, and that the operator of the instrumentality by means of which the injuries are inflicted, possesses superior knowledge or opportunity to ascertain the cause of the accident. Under such circumstances, the one having charge and control of the machine must assume the burden of explaining the cause of the accident, or upon failure to do so, a *prima facie* showing of negligence will be inferred. . (45 C. J. 1205, sec. 773; 15–16 Huddy's Ency. of Automobile Law, p. 280, sec. 157.) The converse of this rule is likewise true. If the evidence affirmatively shows the operator. or manager of the instrumentality by means of which the injuries are inflicted has no superior knowledge or by the exercise of reasonable care is unable to secure information regarding the cause of the accident, or the evidence establishes the fact that the complainant possesses all the knowledge or information thereof which is reasonably accessible to the operator of the machine, then the doctrine of *res ipsa loquitur* has no application."

As is pointed out to the same effect in *Jianou* v. *Pickwick Stages System,* 111 Cal. App. 754 [296 Pac. 108]:

"It is the established rule that one who relies upon the doctrine of *res ipsa loquitur* to establish a cause based upon negligence, must allege merely general acts of negligence. Upon the contrary, when one alleges specific acts of negligence upon which he relies, the pleading refutes the theory of *res ipsa loquitur*. The very hypothesis of the doctrine is that the plaintiff has no knowledge of just what caused the accident, and that since the instrumentality by means of which the accident occurred is solely within the control of the defendant, negligence will be inferred upon proof of a *prima facie* case, in the absence of an adequate explanation on the part of the defendant exempting him from liability. (*Connor* v. *Atchison, T. & S. F. R. Co.,* 189 Cal. 1 [26 A. L. R. 1462, 207 Pac. 378]; *Ingledue* v. *Davidson,* 102 Cal. App. 697 [283 Pac. 837]; 19 Cal. Jur. 713, sec. 127.)"

The complaint here alleges that while plaintiff Everett Klenzendorf was engaged in operating the jointer, the article with which he was working "was jerked from his hand by said 'hand jointer', and plaintiff's right hand was thrown into the blades of said 'hand jointer', there being no proper

blade guard covering said blades . . . " , and further alleges that defendants carelessly and negligently failed to provide said jointer with proper and safe blade guards, etc., which failed to spring back into place, leaving the blades exposed. One has to but read the record also to learn that the accident was fully explained in the evidence offered by appellants.

As a further reason for upholding the court for refusing to instruct upon the doctrine of *res ipsa loquitur* it is well established that the instrumentality shall be under the exclusive control of the defendants in order that the doctrine of *res ipsa loquitur* may be invoked.

We do not believe a school district can be said to have exclusive control of an instrumentality which is part of the equipment in a shop course to be used and is actually used by members of the class. (*Hilton* v. *Pacific G. & E. Co.*, 131 Cal. App. 427 [21 Pac. (2d) 663]; *Hill* v. *Pacific G. & E. Co.*, 22 Cal. App. 788 [136 Pac. 492]; *Olson* v. *Whitthorne & Swan*, 203 Cal. 206 [263 Pac. 518, 58 A. L. R. 129].) As was said in the latter case involving an injury to a customer who was passing through a revolving door to the entrance of defendant's store: "The operation of such doors is not within the exclusive control of the owner of the building or proprietor of the store. Customers and patrons take a very distinct part in their operation and are chargeable with the exercise of ordinary care in their use. Injury may occur in their operation from a lack of such care on the part of the persons who use them and for whose negligence the owner or proprietor would be in no wise responsible."

Appellants also complain that the court refused to give an instruction proposed by them covering the question of the negligence of the officers and employees of a school district as covered in section 2.801 of the School Code. We believe the matter was sufficiently covered in the instructions given. The court gave the following instructions, submitted by plaintiffs:

"You are instructed that if you find from the evidence that the plaintiff, Everett Klenzendorf, was a regularly enrolled pupil in the Shasta Union High School and that while he was attending a class in shop study at the established period therefore, he engaged in the operation of a hand jointer, maintained by and under the management of

the defendants, with the consent and permission of the defendants, and that while so operating said hand jointer he was injured as the proximate result of the negligence and carelessness of the defendants, and that said plaintiff was not negligent or careless in the operation of said hand jointer, you are to find for the plaintiff.''

''You are instructed that if you find from the evidence that the plaintiff, Everett Klenzendorf, was injured while operating a hand jointer with the consent and authority of the defendants, and which was maintained and managed by the defendants, and that the defendants negligently failed to instruct said plaintiff in the operation of said hand jointer, and that such negligent failure was the direct and proximate cause of the injury sustained by him, you are to find for said plaintiff, if you find that the said plaintiff did not contribute to said injury by negligence on his part.''

█ Appellants also contend that instructions given upon the question of contributory negligence are erroneous in that they fail to state that the contributory negligence of plaintiff, if any, must have contributed proximately to the injury sustained.

Among the instructions given we find the following: '' . . . Even if you should find that the defendants . . . were negligent, yet if you also find that the plaintiff was likewise negligent and that the negligence, if any, of both plaintiff and defendant directly or proximately contributed to the happening of the accident, then in such event your verdict must be in favor of defendant.''

Appellants also criticise two so-called formula instructions, one because it failed to state that lack of care on the part of plaintiff must be found to have proximately or directly contributed to the injury in order to bar his recovery, and the other in that it purported to inform the jury that if certain facts are found by them they must find for the defendants, taking from the jury the right to determine whether or not the hypothetical facts recited constituted negligence. We have read and compared the numerous instructions given and believe as a whole the jury were fully and fairly instructed. As Mr. Chief Justice Waste said in *Douglas* v. *Southern Pac. Co.,* 203 Cal. 390 [264 Pac. 237] : ''Jurors are presumed to be persons of common intelligence and capable of comprehending the ordinary use

of language as applied to the particular proposition under consideration and in reference to which it is employed. We will not assume that they may not have understood the charge as we understood it. The instructions must be considered in their entirety, and if, after so considered, they state the law of the case fairly and clearly, then they are, as a whole, unobjectionable, even though by selecting isolated passages from single instructions they may in some respects be amenable to just criticism.'' And in *Reuter* v. *Hill,* 136 Cal. App. 67 [28 Pac. (2d) 390], ''There is a disposition to relax the rigid application of the rule regarding formula instructions which is announced in *Beyerle* v. *Cleft,* 59 Cal. App. 7 [209 Pac. 1015], and other similar cases since the adoption of article VI, section 4½, of the Constitution, where the record fails to show a miscarriage of justice.''

We see no miscarriage of justice in the instant case, and for the reasons given, judgment must therefore be affirmed, and it is so ordered.

Thompson, J., and Plummer., J, concurred.