[Civ. No. 10473.  First Appellate District, Division Two.—March 8, 1938.]

JAMES ALEXANDER, Respondent, v. WONG YICK et al., Defendants; PHILLIP FONG et al., Appellants.

Bronson, Bronson & Slaven and Bronson, Bronson & Mc-Kinnon for Appellants.

Elmer P. Delany and Joseph A. Brown for Respondent.

NOURSE, P. J.—The defendants and appellants occupied premises, consisting of a store and basement, in which they conducted a bakery. The store was on the ground floor of the building, level with the sidewalk. The basement had an entrance through the sidewalk, which was closed by two iron doors when not in use. These doors opened upwards and outwards and to each was attached a chain, which was also attached to the sidewalk, and which held the doors at an angle of a little more than ninety degrees outward from the opening, but did not prevent them from closing. An iron bar was provided to be attached to each door when open to prevent the doors from closing when the entrance was in use. While repairs were being made in the basement, the plaintiff, with two helpers, was engaged in delivering lumber to the basement for the use of the workmen making these repairs. While carrying some lumber down the steps through this entrance, one of the doors fell upon plaintiff or plaintiff slipped on the stairs and seized the chain attached to one of the doors. This door fell upon his hand, causing the injury for which he had a verdict.

There is no material dispute in the evidence. The sidewalk entrance was constructed and maintained in accordance with a local ordinance. An iron bar was provided to keep the doors from closing while the entrance was in use, but it was not attached to the doors at the time of the injury. There is no evidence as to who opened the doors or as to who failed to attach the iron bar. There is no evidence as to how many of the other workmen about the premises used the entrance prior to plaintiff's injury. There is no evidence that any of the defendants or any of their employees knew that the entrance was being used at the time, or that the protecting bar was not in place. The evidence is that the entrance was in every respect similar to those in use throughout the city, and that the presence or absence of the iron bar could be easily seen. The plaintiff was an experienced delivery man and truck driver. He had worked as such for about ten years and was "accustomed to trap doors" and to "elevated doors" in making his deliveries. He testified that he did not slip upon the stairs leading to the basement; that he did not fall; but that one of the doors first struck him on the head and then fell upon his hand.

█ Upon these facts the trial court instructed the jury, in what closely approached the character of "formula" instructions, that, if they found "that some invitee (other than plaintiff or his assistants or companions) of the defendants or some employee of the defendants carelessly and negligently left the trap doors open without the iron bar to keep them from closing" then plaintiff should recover. This admonition was repeated in other instructions, all given at plaintiff's request, and was not cured by any other instruction given. The vice of these instructions is that they fix liability on the defendants for the acts of others over whom they had no control, and for acts of which the defendants had no knowledge and no means of knowledge. █ Manifestly, the owner or occupant of real property is not liable for the unknown acts of negligence of an invitee, particularly when the danger is obvious and apparent to the plaintiff and not within the knowledge of the owner or occupant or is such as may not be anticipated by him.

The rule is stated in 20 Ruling Case Law, pages 56 and 57, as follows: "The law is well settled that an owner or occupant of land who by invitation, express or implied, in-

duces or leads others to go upon premises for any lawful purpose is liable for injuries occasioned by the unsafe condition of the land or its approaches, if such condition was known to him and not to them. . . . The true ground of liability is the proprietor's superior knowledge of the perilous instrumentality and the danger therefrom to persons going upon the property. It is when the perilous instrumentality is known to the owner or occupant and not known to the person injured that a recovery is permitted. In the language of Mr. Justice Harlan, (*Bennett* v. *Louisville, etc. R. Co.,* 102 U. S. 577 [26 L. Ed. 235]), the owner is liable to invited persons for injuries 'occasioned by the unsafe condition of the land or its approaches, if such condition was known to him and not to them, and was negligently suffered to exist, without timely notice to the public or to those who were likely to act upon such invitation'.'' In accord with the text are *Mautino* v. *Sutter Hospital Assn.,* 211 Cal. 556, 560 [296 Pac. 76]; *Shanley* v. *American Olive Oil Co.,* 185 Cal. 552, 555 [197 Pac. 793]; *Blodgett* v. *B. H. Dyas Co.,* 4 Cal. (2d) 511, 512 [50 Pac. (2d) 801].

At plaintiff's request the jury was instructed that ''when a thing which causes injury is shown to be under the management of the defendant and the accident is such as in the ordinary course of things does not happen, if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from a want of care''.

The *res ipsa loquitur* doctrine has no application to this case, first, because the instrumentality causing the injury was not in the exclusive management and control of the defendants, and, second, because the actual cause of the accident was known and fully explained in the evidence. Upon the first point the following authorities are controlling: *Olson* v. *Whitthorne & Swan,* 203 Cal. 206, 208 [263 Pac. 518, 58 A. L. R. 129]; *Gritsch* v. *Pickwick Stages System,* 131 Cal. App. 774, 783 [22 Pac. (2d) 554]; *Biddlecomb* v. *Haydon,* 4 Cal. App. (2d) 361, 364 [40 Pac. (2d) 873]; *Parker* v. *James Granger, Inc.,* 4 Cal. (2d) 668, 676 [52 Pac. (2d) 226]; *Klenzendorf* v. *Shasta U. H. School Dist.,* 4 Cal. App. (2d) 164, 170 [40 Pac. (2d) 878]; *Speidel* v. *Lacer,* 2 Cal. App. (2d) 528, 532 [38 Pac. (2d) 477].

The second reason is supported by these observations and authorities: The reason for the application of the doctrine of *res ipsa loquitur,* and the very hypothesis of the doctrine, is that "ordinarily the one injured is not in a position to know more than that, by some unusual movement of the instrumentality, he was injured, whereas the one who operates the instrumentality should know and be able to explain the precise cause of the accident". (19 Cal. Jur., pp. 706, 707.) "The converse of this rule is likewise true. If the evidence affirmatively shows the operator or manager of the instrumentality by means of which the injuries are inflicted has no superior knowledge or by the exercise of reasonable care is unable to secure information regarding the cause of the accident, or the evidence establishes the fact that the complainant possesses all the knowledge or information thereof which is reasonably accessible to the operator of the machine, then the doctrine of *res ipsa loquitur* has no application." (*Johnson* v. *Ostrom,* 128 Cal. App. 38, 43 [16 Pac. (2d) 794]; *Keller* v. *Pacific Tel. & Tel. Co.,* 2 Cal. App. (2d) 513, 525 [38 Pac. (2d) 182]; *Creamer* v. *Cerrato,* 1 Cal. App. (2d) 441, 444 [36 Pac. (2d) 1094]; *Gorden* v. *Goldberg,* 3 Cal. App. (2d) 659, 661 [40 Pac. (2d) 276]; *Jianou* v. *Pickwick Stages System,* 111 Cal. App. 754, 756 [296 Pac. 108]; *Klenzendorf* v. *Shasta U. H. School Dist.,* 4 Cal. App. (2d) 164, 169 [40 Pac. (2d) 878]; *Barbieri* v. *Law,* 209 Cal. 429, 433 [287 Pac. 464].)

Here plaintiff's case in short is that his injuries resulted from one of the iron doors falling upon his hand, and that the door fell because the protecting iron bar had not been attached. The parties concede that the bar was not attached at the time of the accident, and that the absence of the bar was the proximate cause of the injuries. Thus, plaintiff's knowledge of the cause of the accident was equal, if not superior, to that of the defendants. There is no room for the *res ipsa loquitur* doctrine in such a case.

The judgment is reversed.

Sturtevant, J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 7, 1938, and an application by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 2, 1938.