WEINER et al. v. MAY DEPARTMENT STORES CO. et al.

No. 712–M.

District Court, S. D. California, Central Division.

Dec. 4, 1940.

John C. Campbell, of Los Angeles, Cal., for plaintiffs.

Schell & Delamer and Joseph H. Wheeler, all of Los Angeles, Cal., for defendants.

NETERER, District Judge.

This case coming on for trial pursuant to assignment, trial by jury by stipulation was waived, and the case submitted to the Court, on pretrial certificate heretofore filed after pretrial conference on November 6th, 1940, and written stipulation of facts filed herein on the 28th day of November, 1940. The following facts were established:

The width of the escalator involved, between the balustrades is 24 inches, and the width of the steps is 17¼ inches, the width of the escalator on the east side of the defendants' building, except the up escalator from the main floor to the second floor is the same; the width of the escalator between the balustrades on the west side of the building, and of the up escalator between the main and second floor is 48 inches, the width of the steps on the escalator in the west side of the building is 34½ inches. The escalator, involved in this action, consists of one escalator running from the main floor down to the basement, and one escalator running from the basement up to the main floor. The said escalators are the only escalators between the basement and the main floor of

defendants' building. From the first floor up there are two sets of escalators, each containing one set running up, and one set running down. The escalator running from the basement to the main floor is not continuous with the escalator from the main floor to the higher floors, but is situated at some distance from the escalator connecting with the basement to the main floor. Between the basement and the main floor of the defendants' building there are five stairways and seven elevators; said elevators were in operation at the time of the accident referred to in plaintiff's complaint. The plaintiff is sixty years old, 5 feet 7 inches in height, and weighs around 200 lbs. At about mid-afternoon on Thursday, September 29th, 1938, plaintiff had gone to the defendants' store to register for voting, and had been in the defendants' store about one hour. There was an end-of-the-month sale of hats in the basement, and accompanied by her daughter she went to the basement for the purpose of purchasing a hat, using the down escalator, that she promptly found no hat to fit her, and then started to return to the main floor by the up escalator, going directly from the hat department to the escalator, she was wearing shoes with a "cuban heel" which were not run over or broken in any way. The heels were sensible heels; as she tried to get on the escalator there was "quite a line of people behind her", she was carrying a pocketbook in the left hand, the daughter got on the escalator ahead of her, "she does not know how many steps ahead of her," before stepping on the escalator she hesitated; that she watched her step, and looked at the plate where the escalator came out of the floor, she saw the comb with the fingers coming down to the threads of the steps, there was nothing she noticed different than usual; that the escalator was running along smoothly as far as she knows; that on either side of the escalator there are balustrades with a traveling rubber hand rail to brace her hand on, which goes along even with the steps; that she put her right hand on the rail, she does not recall with which foot she took her first step on the escalator; that prior to the accident she had stepped on the comb plate, and had placed her foot on the step of the escalator when the accident occurred; the other foot was not on the store floor, and her right hand was on the hand rail when the accident occurred, she seemed to lurch to the

left and hit her shoulder, she could not say whether her feet slipped before she lurched, and does not know whether the floor comb plate was slippery; that she did not turn an ankle; that some one from behind could have pushed or struck her, but that it all happened so quickly she could not swear to that. She does not remember anything definite about being pushed or struck; that the crowd was coming up and the escalator was well filled with people, but that there was no one between her and her daughter; that the escalator did not stop, and that she continued on to the top of the escalator; that her daughter was already off the escalator when she reached the top.

The Court further finds that the escalator involved in this case is so situated that it cannot jerk, jar or lurch in any appreciable degree without breaking the electric current causing it to run, and without coming to a full stop; that when the escalator has stopped for any reason it cannot be re-started until this connection has been established, which can only be done by hand; that the connection is in the basement of the defendants' store.

The defendant is not an insurer of the safety of a passenger, even though it is a common carrier. Champagne v. Hamburger & Sons, 169 Cal. 683, 690, 147 P. 954; Parker Manchester Hotel Co., 29 Cal.App.2d 446, 454, 85 P.2d 152.

There is no evidence of negligence of either party; nor, that either could have done anything to avoid the casualty. The doctrine of res ipsa loquitur applies where the circumstances are such as, unexplained, afford reasonable inference of want of care on the part of the defendant. Smith v. O'Donnell, 215 Cal. 714, 722, 723, 12 P.2d 933.

The operator of an escalator, as well as the operator of an elevator, may be deemed a common carrier, and while not insurers are held to the highest degree of care for the safety of its passengers. Petrie v. Kaufmann & Baer Co., 291 Pa. 211, 139 A. 878. The Court of Appeals of California in Biddlecomb v. Haydon, 4 Cal.App.2d 361, at page 364, 40 P.2d 873, at page 874, said: "Plaintiff charged negligence in general terms, and at the trial [relied] entirely upon the doctrine res ipsa loquitur." A motion for nonsuit upon the grounds that the evidence showed no negligence on the part of the plaintiff

was denied. On appeal denying the motion the Court said: "The nonsuit should have been granted. The rule of res ipsa loquitur * * *˙ where the cause of the accident is unexplained and might have been due to one of several causes for some of which the defendant is not responsible. Brown v. Board of Trustees, 41 Cal.App. 100, 182 P. 316; Olson v. Whitthorne & Swan, 203 Cal. 206, 263 P. 518, 58 A.L.R. 129. In Scellars v. Universal Service, 68 Cal.App. 252, 228 P. 879, 880, the court quotes with approval from the case of Lucid v. E. I. Du Pont, etc., Powder Co. [9 Cir.] 199 F. 377, * * *, L.R.A.1917E, 182, where the court said: 'The doctrine of res ipsa loquitur involves an exception to the general rule that negligence must be affirmatively shown, and is not to be inferred, and the doctrine is to be applied only when the nature of the accident itself, not only supports the inference of the defendant's negligence, but excludes all others.'"

In the instant case the testimony is, "as she started to get on the escalator there was quite a line of people behind her", no evidence that any one pushed her, no one passed her on the escalator as there was no one between her and her daughter. The "crowd" was not unruly; no hilarity, no evidence of pushing or any commotion of any sort. The defendant is not liable for the acts of a third person over whom it has no control, or conduct of invitees on its premises who are not unruly, crowding and pushing others, where there is no showing that the defendant knew, or under the circumstances should have known, or should have anticipated, that crowd would become unruly. Davidson v. American Liquid Gas Corp., 32 Cal.App.2d 382, 387, 89 P.2d 1103. Nor does the doctrine res ipsa loquitur apply unless the defendant knew, or is in better position to know, the cause of injury than the plaintiff. Alexander v. Wong Yick, 25 Cal.App.2d 265, 269, 77 P.2d 476; Connor v. Atchison, T. & S. F. R. Co., 189 Cal. 1, 5, 207 P. 378, 26 A.L.R. 1462; Johnson v. Ostrom, 128 Cal.App. 38, 43, 16 P.2d 794. There is no evidence of any unusual movement of the escalator. In Hesemann v. May Dept. Stores, 225 Mo.App. 584, 39 S.W.2d 797, the injury was occasioned when the escalator unexpectedly jerked causing the plaintiff to fall, and judgment was sustained. In Fuller v. Wurzburg Dry Goods Co., 192 Mich. 447, 158 N.W. 1026 an escalator was 2 feet wide, the plaintiff was injured when the escalator jerked, the court held no negligence was shown because there was no testimony that the plaintiff knew or should have known that the jerking would occur. While a party inviting the public for gain to its premises must provide an adequate degree of general supervision to keep the premises in condition, with a reasonable apprehension of the risks which reasonable thought may anticipate; if it maintains a special device for the public's use, it must guard against the risks reasonably to be perceived to another or others within the range of apprehension. Palsgraf v. Long Island R. Co., 248 N.Y. 339, 344, 162 N.E. 99, 100, 59 A.L.R. 1253. The conduct of the defendant is within this requirement.

The doctrine of res ipsa loquitur is not applied unless a causal connection has been shown between the inferred negligence, and the accident. Union Investment Co. v. San Francisco Gas. & Electric Co., 168 Cal. 58, 62, 63, 141 P. 807. In the absence of evidence of some unusual movement of the carrier no liability is fixed. McIntosh v. Los Angeles Ry. Corp., 7 Cal.2d 90, 94, 59 P.2d 959.

In the instant case there is total absence of evidence of any unusual movement or irregular conduct on the part of any one. If any act of omission or commission is shown, the rule res ipsa loquitur creates a presumption against the defendant, but the burden to prove negligence, on the case as a whole, as the proximate cause by a fair preponderance by the plaintiff is not shifted. Micek v. Weaver-Jackson Co., 12 Cal.App.2d 19, 22, 54 P.2d 768; Seitzman v. Srere Corp., 116 Cal.App. 674, 678, 3 P.2d 58; Valente v. Sierra R. R. Co., 151 Cal. 534, 539, 541, 91 P. 481. Wilkins v. G. Fox & Co., Inc., 125 Conn. 738, 7 A.2d 434 is not in point here, the sole question on review was on admissibility of evidence.

The foregoing will be the Court's findings, and judgment will be for the defendants.