## LIETZKE v COMMERCE GUARDIAN TRUST & SAVINGS BANK

Ohio Appeals, 6th Dist, Lucas Co

No 2612.   Decided Feb 1, 1932

Rupp & Hahn, Toledo, for plaintiff in error.

Taber, Chittenden & Daniels, Toledo, for defendant in error.

has been applied to a state of facts which merely shows that a person going through a revolving door is thrown by reason of the fact that the door sticks, then yields to pressure and throws the person going through it.

It has been held that the doctrine does not apply to injury in a swinging door. **Olson vs Whitthorne, 263 Pac., 518, 58 A. L. R., 129.**

Our attention has been called to the case of **Brookins vs Union Trust Co, 40 Oh Ap 119, 4 Ohio Bar, Jan 5, 1932.** In that case the only thing passed upon by the Court of Appeals was whether or not the plaintiff, who was injured in going through a revolving door, was guilty of contributory negligence as a matter of law. Upon trial in the court of common pleas that court directed a verdict for the defendant upon the ground that the plaintiff was so guilty. The Court of Appeals reversed the judgment of the court of common pleas. In the Court of Appeals counsel on both sides seems to have conceded that there was evidence tending to show negligence on the part of the defendant. This court has obtained the brief filed by the plaintiff in error in that case, in which there is a quotation from the testimony, and it appears therefrom that there was evidence tending to show that the revolving door had four wings, that the strips on the sides of each of the wings and the strips on the bottom were worn considerably and were very soft and pliable and torn and ripped in various places. It is therefore apparent that in that case the court was not required to apply the doctrine of res ipsa loquitor as there was evidence tending to prove negligence on the part of the defendant.

This doctrine has been applied by the Supreme Court of Ohio in cases where the circumstances were such in and of themselves as to give rise to an inference of negligence.

**Loomis vs Toledo Railways & Light Co., 107 Oh St 161;**

**Gas Co vs Brodbeck, 114 Oh St 423;**

**Glowacki vs N W O Ry & Power Co, 116 Oh St 451;**

**Cleveland vs Amato, 123 Oh St 575;**

**Cleveland vs Pine, 123 Oh St 578.**

In **Gas Company vs Brodbeck** the Supreme Court has approved the statement of the rule in the following language:

"All that the rule of res ipsa loquitur means is that the circumstances involved in or connected with an accident may be of such unusual character as to justify, in the absence of any other evidence bearing upon

## WILLIAMS, J.

The evidence does not disclose that there was any examination of the door either before or after plaintiff's injury, and it does not appear that the door was itself defective or out of repair. It is evident that it would have been as likely to have stuck by reason of something having been dropped on the floor, which became lodged under the revolving door.

It is contended, however, by counsel for plaintiff in error, that the doctrine of res ipsa loquitur applies and that, even if this doctrine does not apply, under the scintilla rule a case was made out.

Search has not revealed to us any case in which the doctrine of res ipsa loquitor

644

the subject, the inference that the accident was due to the negligence of the one having the possession or control of the article or thing which caused the injury, because in the absence of explanation, this is the only fair and reasonable conclusion."

Having in mind the limitations of the rule as stated, this court is of the opinion that the mere fact that a revolving door stuck upon the occasion of the injury does not give rise to an inference of negligence on the part of 'the one in possession and control of the revolving door. There is no evidence in the instant case that the door ever stuck' before or after the occasion in question, no evidence that the door was defective, no evidence that the door did not stick because of dirt or some other foreign substance under it. Even though the one in possession and control of the door should exercise due care, the door might at some time stick. The trial court was right in not invoking the doctrine of res ipsa loquitor.

What has been said would seem to render a discussion of the second contention regarding the application of the scintilla rule unnecessary. In the last analysis the scintilla rule as construed by Ohio courts means that where there is some evidence of every element necessary to plaintiff's right of recovery, the trial court should not direct a verdict for the defendant on the ground that no actionable negligence of defendant is shown. If an inference of negligence could not arise from the facts proven under the doctrine of res ipsa loquitur, it follows by parity of reasoning that no such inference could arise therefrom under the doctrine of the scintilla rule. As previously pointed out, the fact that the door stuck on the occasion of the injury is of itself no indication of negligence or even of defective condition, for a door may stick without negligence and again it may stick though not defective nor out of repair. In our judgment the court did not err in directing a verdict for the defendant.

For the reasons given the judgment will be affirmed.

LLOYD and RICHARDS, JJ, concur: