[Civ. No. 10282. Second Appellate District, Division Two.—June 7, 1935.]

ELMER J. CARLSON, Appellant, v. ELIZABETH STANBITZ et al., Respondents.

456

Garner White and C. Ibeson Sweet for Appellant.

B. W. Kemper and Ray C. Eberhard for Respondents.

CRAIL, J.—This is an appeal from a judgment in favor of the defendant in an action arising out of an automobile collision. The plaintiff attempted to cross a highway in the night-time at a point which was neither an intersection nor an unmarked crosswalk. The defendant was coming along the highway at the rate of 20 miles an hour. As soon as the defendant saw the plaintiff, he turned his automobile a little to the left in order to go behind him, which he had room to do, and if the plaintiff had gone forward or had stood still defendant would have missed him, but the plaintiff jumped back in front of the defendant's car and was injured. When the collision occurred the defendant's car was left of the center line of the highway.

The first contention of the plaintiff is that "the evidence is insufficient to justify the decision". We have reviewed the evidence in the light most favorable to the defendant and it is

obvious from what has already been said that there is substantial evidence to support the findings and judgment.

■ The plaintiff further contends that the trial court evaded its duty in failing to state in its findings whether the defendant was on the right side or the wrong side of the highway when the accident happened. But the plaintiff pleaded the negligence of the defendant in general terms and there was no duty upon the trial court in any event to make a finding as to this evidentiary detail.

■ The final contention of the plaintiff is that the trial court erred "in deciding from the evidence that as a matter of law Bergman (the defendant) was not negligent". Obviously the court did not decide this matter as a question of law but as a question of fact.

Judgment affirmed.

Stephens, P. J., and Fricke, J., *pro tem.*, concurred.