[Civ. No. 2240. Fourth Appellate District.—April 21, 1939.]

MIKE DAVIDSON, Respondent, v. AMERICAN LIQUID GAS CORPORATION (a Corporation) et al., Appellants.

Tripp, Penney & Callaway for Appellants.

K. Kuyumjian and Hayhurst & Gibson for Respondent.

GRIFFIN, J.—This action was instituted by Mike Davidson against the American Liquid Gas Corporation and C. E. Coen for damages to the respondent's dwelling. house and contents alleged to have been caused by the negligence of the appellants in permitting Butane gas to escape during the transfer of the gas from a tank truck of the appellants to two storage tanks installed by the respondent on his premises. The gas was procured from the appellant corporation for use as fuel in the respondent's home. Respondent owned and procured the two metal tanks adjacent to his house for the purpose of storage of the gas supplied by the appellant American Liquid Gas Corporation, a dealer in Butane gas. On January 5, 1938, the appellant C. E. Coen, employed by the appellant American Liquid Gas Corporation, visited the respondent's premises for the purpose of refilling the respondent's gas tanks in accordance with a standing order for such service. The atmosphere was heavy and foggy. Appellant Coen was familiar with respondent's premises and with the make of respondent's storage tanks and had absolute control and management of the equipment belonging to the appellant American Liquid Gas Corporation. While appellant Coen was refilling the tanks respondent was milking a cow. Appellant Coen's young son, about 13 years of age, was seated in the driver's seat of the truck. A man in the neighborhood by the name of Cecil Dodson came up to the back end of the truck, stood there and conversed with appellant Coen while he finished filling the tanks. Coen and Dodson were talking so loudly that they disturbed Mrs. Davidson and awakened the baby in the house, both of whom were in the front or west room of respondent's home. During the process of filling the tanks a blast occurred. Dodson, who was standing back of the truck, stated that the truck moved two or three feet and a flash hit him and burned his sweater, his right eye and the back of his neck. Respondent's house and the household furnishings located therein were totally destroyed by the fire. Respondent's tanks were of standard

construction and were those commonly used for the storage of Butane gas.

There was no explanation given by appellants as to the cause of the fire; no showing that respondent's storage tanks were defective or improperly installed. The driver Coen drove near the house and close to the tanks on the south side of respondent's home. The gas was pumped by means of the motor from the truck through a rubber hose which was attached near the middle of the truck. The engine of the truck was left running during the entire filling process. Respondent's tanks were located immediately adjacent to the outer walls of his residence and were so installed that they could have been easily removed, filled and replaced. However, Coen testified that they did not remove more than five per cent of the tanks when refilling them. The tanks were fitted with two valves, one of which was used for a "fill" valve and the other for an "escape" valve. The tank could not be filled unless the "escape" valve was left open. These 50-gallon tanks were maintained on a low platform adjacent to the house where they were connected for fuel supply. A judgment in the sum of $3,825 was obtained by respondent against both appellants.

Appellants' first contention is that the doctrine of *res ipsa loquitur* could not be relied upon by respondent in this case because the complaint alleges specific acts of negligence, and cites as authority *Ingledue* v. *Davidson*, 102 Cal. App. 697 [283 Pac. 837], *Hall* v. *San Joaquin Light & Power Co.*, 5 Cal. App. (2d) 755 [43 Pac. (2d) 856], *Hallinan* v. *Prindle*, 220 Cal. 46 [29 Pac. (2d) 202], *Keller* v. *Pacific Tel. & Tel. Co.*, 2 Cal. App. (2d) 513 [38 Pac. (2d) 182], and *Klenzendorf* v. *Shasta Union High School Dist.*, 4 Cal. App. (2d) 164 [40 Pac. (2d) 878].

■ The general rule is that where a plaintiff in his complaint gives an explanation of the cause of the action, that is to say, where the plaintiff, instead of relying on a general allegation of negligence, sets out specifically the negligent acts or omissions complained of, the doctrine of *res ipsa loquitur* does not apply. ■ The allegations of negligence are found in paragraph IV of respondent's complaint, which reads as follows:

"That from time to time as the gas from said tanks was exhausted it became necessary to replenish said fuel by re-

filling said tanks with butane; that said defendants were dealers in said gas and were accustomed to and did from time to time, as needed, service or refill plaintiff's said tanks with said gas; that said defendants maintained and used for that purpose a certain motor truck with tank thereon and on the 5th day of January, 1938, said defendants drove said motor tank truck onto plaintiff's property and proceeded to refill plaintiff's said tanks with said gas; *that in doing so said defendants failed to exercise proper care and caution and negligently and carelessly suffered, allowed and permitted gas to escape and ignite, and to burn, damage and completely destroy plaintiff's said home together with all the fixtures, furniture and other personal property therein.*"

We have italicized the portions relating to the allegations of negligence. We are of the opinion that the allegations did not in effect allege specific acts of negligence but at most merely charged that appellants negligently allowed gas to escape and ignite and burn respondent's home. No attempt was made to describe the negligence in detail or charge why or under what circumstances it occurred. Such an allegation is analogous to a complaint of an injury by a guest in an automobile who alleges that the operator so negligently and carelessly drove and operated the car as to strike an obstruction, causing the injury complained of, or of a brick falling from a building upon a passer-by below and inflicting damage. We are of the opinion, therefore, that the form of the complaint is not such as to prevent the application of the doctrine. The essence of negligence is the failure to exercise due care and take proper precaution in a particular case. This the pleader alleges, but as to the particular causes which constitute the detail of the defendant's omissions, the pleader apparently knew nothing and alleged nothing. Whether the explosion was due to defective contrivances or to what other specific defect or neglect, the pleader did not know and did not attempt to set forth in his pleadings. The pleadings in the instant case come well within the holding in *Armstrong* v. *Wallace,* 8 Cal. App. (2d) 429 [47 Pac. (2d) 740]. (See, also, *Ales* v. *Ryan,* 8 Cal. (2d) 82, 93 [64 Pac. (2d) 409]; *Damgaard* v. *Oakland High School Dist.,* 212 Cal. 316, 318 [298 Pac. 983]; *Atkinson* v. *United Railroads of S. F.,* 71 Cal. App. 82, 89 [234 Pac. 863]; *Lejeune* v. *General Petroleum Corp.,* 128 Cal. App. 404, 412 [18 Pac. (2d) 429].)

Appellants next contend that the doctrine of *res ipsa loqui-tur* does not apply to the facts of the instant case, citing the case of *White* v. *Spreckels,* 10 Cal. App. 287 [101 Pac. 920], and cases therein reviewed, wherein it was stated the doctrine of *res ipsa loquitur* only applies where the cause of the injury is shown to be under the specific control and management of the defendant and can have no application where it is under the management and control of the plaintiff and her employer, nor in a case of divided responsibility where an unexplained accident may have been attributable to one of several causes, for some of which the defendant is responsible. The generally accepted statement of the *res ipsa loquitur* doctrine most frequently adopted and applied is this: "Where the thing which caused the injury complained of is shown to be under the management of defendant or his servants and the accident is such as in the ordinary course of things does not happen if those who have its management or control use proper care, it affords reasonable evidence, in the absence of explanation by defendant, that the accident arose from want of care." (*Hubbert* v. *Aztec Brewing Co.,* 26 Cal. App. (2d) 664, at p. 687 [80 Pac. (2d) 185].)

To justify the invocation of the rule, the instrumentality which caused the injury must have been under the exclusive management of the defendant, and it does not apply where the cause of the accident is unexplained and might have been due to one of several causes, for some of which the defendant is not responsible. (*Biddlecomb* v. *Haydon,* 4 Cal. App. (2d) 361 [40 Pac. (2d) 873].)

The principal case was apparently not tried upon the theory of the doctrine of *res ipsa loquitur.* Respondent called witnesses to establish the negligent acts. When the cause is thus established the doctrine is not then applicable. (*Gorden* v. *Goldberg,* 3 Cal. App. (2d) 659 [40 Pac. (2d) 276].)

Let us assume for the purpose of argument that the excessive amount of gas that escaped was due to an unnoticed natural defect in the gas tank owned by the respondent that was being filled by appellant Coen. In that event it could not rightfully be said that this instrumentality would be under the exclusive control and management of appellant. Therefore, the doctrine would not apply under the rule above cited. (*Hill* v. *Pacific Gas & Elec. Co.,* 22 Cal. App. 788 [136 Pac. 492]; *White* v. *Spreckels, supra; Biddlecomb* v.

*Haydon, supra; Ingledue* v. *Davidson, supra; Lewis* v. *Southern California Gas Co.,* 92 Cal. App. 670 [268 Pac. 930].) However, there is language used in the case of *Hilson* v. *Pacific Gas & Elec. Co.,* 131 Cal. App. 427 [21 Pac. (2d) 662], whereby the general rule is relaxed and gives some impetus to respondent's contention. The court therein approved an instruction to the jury to the effect "that only if they found that the explosion was proximately caused by the 'flow, supply and distribution of gas to the building' over which defendant 'admitted that it had control' would the *res ipsa loquitur* doctrine be applicable."

Respondent contends that assuming the doctrine of *res ipsa loquitur* is not applicable, there is sufficient evidence of negligence to sustain the findings of the trial court to the effect that appellants negligently allowed an excessive amount of gas to escape. The evidence shows that there was a floor furnace in the front or west room of the house. It was about six feet west of respondent's tanks and four or five feet back from the south side of the house. A four-inch galvanized pipe led from the furnace underneath the floor to the south side of the house and up through the roof. There was a trap door on the south side leading to the furnace, but it was closed tight so nothing could get under the house. The windows on the south side of the house were closed and Mrs. Davidson extinguished the fire in the furnace with the exception of the pilot light, when the truck drove in. She was in the front room with the baby and sitting within two or three feet of the furnace. She testified definitely that there was no flash from the furnace in the house and that the fire and explosion originated outside and did not start at the furnace. Mrs. Davidson saw the gas man and another man conversing with each other. They carried on such a loud conversation that it almost made her nervous and awakened her baby.

Appellant Coen testified that he smoked occasionally but was not smoking at the time of the explosion. The truck engine was running during the entire filling process. The exhaust from the truck was within a few feet of the tanks. There were no lighted fires around except the fire from the exhaust and the lighted pilot as above described. Two witnesses testified that just prior to the fire they heard a noise from the truck which sounded like two shots being fired (which they described as a back-fire). This latter description

was ordered stricken from the record. Immediately thereafter they saw a big flame in back of the truck; the two tanks were burning and fire was shooting up the side of the house. The driver could not loosen the hose attached from the truck tank to respondent's tank, so he mounted the truck and, by force, broke the connection at the end of the hose, drove into an adjoining field, and by smothering the fire emanating from the end of the hose extinguished that blaze. He then returned to the scene of the fire. Two witnesses stated that soon thereafter Coen returned to his truck, took something out of his pocket, laid it down on the ground and buried it with his left foot.

Coen testified that when these particular tanks were filled it was necessary for him to open a valve (denominated a 10 per cent valve) in order that he could determine when the tank was full; that when this valve was opened it permitted vaporized Butane to come into the air; that a whistling noise developed when the tank was filled. In addition to this warning, he had on his truck another gauge that would approximate the amount of Butane released from his truck tank. During the time of the transfer of the gas as above related, the driver Coen was engaged in conversation with some stranger who arrived at the truck shortly before the explosion.

From the facts and circumstances of this case we are of the opinion that the trial court was justified in believing that the fire was not caused by any negligence on the part of respondent and that there are sufficient facts and circumstances established from which it could rightfully and reasonably infer and conclude that appellants allowed an excess amount of gas to escape and that by reason of that negligent act the fire occurred and resulted in the damage alleged. (*Sawyer* v. *Southern California Gas Co.*, 206 Cal. 366 [274 Pac. 544].)

In *Merrill* v. *Los Angeles Gas & Elec. Co.*, 158 Cal. 499 [111 Pac. 534, 139 Am. St. Rep. 134], it was held that "The original act of negligence, the primary causation, may be in its nature so continuous that the concurrent wrongful act precipitating the disaster will in law be regarded not as independent, but as conjoined with the original act to create the disastrous result."

In *Ray* v. *Pacific Gas & Elec. Co.*, 3 Cal. App. (2d) 329, 330 [39 Pac. (2d) 812], we find this: "The rule that a person or concern engaged in distributing an essentially dangerous commodity is held to a very high degree of care to see that in its distribution and while under the control of the distributor it shall not be permitted to harm anyone, as applied to gas, is limited to the time that the gas is contained in the gas company's own pipes or containers, unless it has negligently allowed it to escape, or, having escaped, has created a dangerous hazard known or which should be known to the distributor, and he has neglected to remedy the condition." (See, also, *Bergen* v. *Tulare County Power Co.*, 173 Cal. 709 [161 Pac. 269].)

In reviewing a question of this kind all the inferences reasonably possible to be drawn from the evidence most favorable to the respondent must be indulged in by this court in order to sustain the judgment. (*Bandle* v. *Commercial Bank of Los Angeles*, 178 Cal. 546 [174 Pac. 44]; *Mah See* v. *North American Acc. Ins. Co.*, 190 Cal. 421 [213 Pac. 42, 26 A. L. R. 123].)

By the process of elimination of all evidence of any possible negligence on the part of respondent or that the excess amount of escaping gas might have been ignited by any act of his, and in view of the fact that the escaping gas was ignited and the remaining evidence produced indicates that the only reasonable inference that could be drawn from the circumstances was that the back-fire from the exhaust ignited the excess escaping gas, we feel that the court was reasonably justified in finding that the damage was the result of appellants' negligence.

We have reached the conclusion that as the trial court drew the inference of negligence on the part of Coen from the evidence, and having particularly found that such negligence existed and that it was a proximate cause of the fire and resulting loss to respondent, we cannot disturb the judgment on appeal.

The judgment is affirmed.

Barnard, P. J., and Marks, J., concurred.