[Civ. No. 15525.   Second Dist., Div. Two.   Apr. 10, 1947.]

ANTONIO PELLEGRINO, Appellant, v. LOS ANGELES
TRANSIT LINES (a Corporation), Respondent.

Vetran Ricca, Newby, Holder & Newby and Nathan Newby for Appellant.

Gibson, Dunn & Crutcher for Respondent.

McCOMB, J.—From a judgment in favor of defendant after trial before the court without a jury in an action to recover damages for injuries suffered as the result of plaintiff's falling from a streetcar, he appeals.

The evidence being viewed in the light most favorable to defendant (respondent), the essential facts are:

On November 17, 1944, plaintiff was a passenger on a streetcar of defendant traveling in a southerly direction on San Pedro Street in Los Angeles. The car stopped at the intersection of such street and Twenty-first Street. Plaintiff, who was standing in the front part of the car which was crowded, pushed his way to the bottom step and when on the last step, while not holding on to anything, lost control and

fell to the street suffering injuries. At the time of the accident plaintiff was 78 years of age and suffering from a hernia. He was not bumped or pushed as he endeavored to get off the car, nor was the car moved from the time it stopped until after the accident.

Plaintiff urges reversal of the judgment on four propositions none of which are tenable.

First: *There is insufficient evidence to support the trial court's finding that defendant was not negligent.*

The evidence was sufficient to support the finding that defendant was not negligent. The motorman testified that after his car had stood five or ten seconds at Twenty-first Street he observed plaintiff standing on the edge of the top step of the exit doorway; his attention was directed toward plaintiff by the vocal salutation addressed to him by an angry woman passenger; that she stood behind him but did not touch him as she was trying to get around him; that upon hearing a woman's scream he looked around a second time and saw plaintiff lying in the road face down; that he found the steps of his car dry and no foreign matter on them; that the car did not move from the time he first saw plaintiff standing on the top step until he saw him lying on the street; that the air brake remained on, and the control handle was not moved from its "off" position. Moreover, plaintiff testified that while he was alighting from the car he did not hold anything. Such evidence was substantial proof of a want of negligence on the part of defendant.

Second: *The trial court failed to make a sufficient finding upon the issue of defendant's negligence in that it did not specifically find whether defendant's streetcar was or was not started while plaintiff was alighting from it.*

The trial court's finding relative to the issue of defendant's negligence reads as follows:

"That the defendant Los Angeles Railway Corporation did not drive, operate or manage said street car at the time of said accident in a careless or unskillful or negligent or reckless manner; that it did use the proper degree of care; that said accident was not due to or caused by or contributed to by any fault, carelessness, negligence or recklessness of said defendant Los Angeles Railway Corporation, or of its successor corporation, Los Angeles Transit Lines, a corporation, or of any of their agents, servants or employees."

Such finding was sufficient. It is established that it is not necessary for the trial court to make findings as to pro-

bative or evidentiary facts, it being sufficient if the finding is of the ultimate fact since a finding of ultimate fact includes a finding of all of the probative facts necessary to sustain it. (*Klein* v. *Milne,* 198 Cal. 71, 75 [243 P. 420]. See, also, *City of Signal Hill* v. *Wyse,* 9 Cal.App.2d 641, 643 [50 P.2d 1076]; *Carlson* v. *Stanbitz,* 7 Cal.App.2d 455, 457 [45 P.2d 820].)

In the present case the trial court made an adequate finding that defendant's negligence did not cause the accident; hence it was not necessary in view of the foregoing rule to make any findings upon the evidentiary facts.

Third: *That the doctrine of res ipsa loquitur is applicable in the instant case.*

It is the general rule that when a plaintiff in his complaint gives an explanation of the cause of the accident, that is, where the plaintiff instead of relying on the general allegation of negligence sets out specifically the negligent act or omission which he claims caused the accident, the doctrine of res ipsa loquitur does not apply. (*Davidson* v. *American etc. Corp.,* 32 Cal.App.2d 382, 385 [89 P.2d 1103]; *Keller* v. *Pacific Tel. & Tel. Co.,* 2 Cal.App.2d 513, 525 [38 P.2d 182]; *Jianou* v. *Pickwick Stages System,* 111 Cal.App. 754, 756 [296 P. 108].)

The present case falls within this rule. Defendant does not rely on an allegation of general negligence but in his complaint sets out specifically the acts of negligence which he alleges caused the injuries, the allegation being that while plaintiff was alighting from the streetcar of defendant, "the defendant Los Angeles Railway Corporation through and by its agents and servants did carelessly, and unskillfully operate said street car, and not using the proper degree of care and [sic] caused said street car to start up and as a direct and proximate cause of the negligence of the defendants as aforesaid plaintiff sustained an injured shoulder. . . ." An allegation of negligence in a complaint similar to that in the instant case was held insufficient as a predicate for the application of the doctrine of res ipsa loquitur in *Davidson* v. *American etc. Corp., supra,* page 385 et seq.

Fourth: *There is insufficient evidence to sustain the trial court's finding that plaintiff was contributorily negligent.*

The trial court having found, supported by substantial evidence, that the accident was not due to defendant's negligence, it was immaterial whether plaintiff was contributorily

negligent or not under the established rule that where the trial court finds that defendant was free from negligence an affirmative finding that plaintiff was also free from negligence would not conflict with the other finding of the court nor would it change the result of the trial. Hence it is immaterial whether the trial court's finding as to plaintiff's contributory negligence was or was not supported by the evidence. (*Strauch* v. *Bieloh,* 16 Cal.App.2d 278, 282 [60 P.2d 582]. See, also, *Hertel* v. *Emireck,* 178 Cal. 534, 535 [174 P. 30]; and *Imperial W. Co. No. 1* v. *Imperial Irr. Dist.,* 62 Cal.App. 286, 291 [217 P. 88].)

The judgment is affirmed and the purported appeal from the order denying the motion for a new trial is dismissed.

Moore, P. J., and Wilson, J., concurred.