[Civ. No. 7915. Third Dist. Jan. 2, 1952.]

H. W. TAYLOR et al., Appellants, v. WINFIELD GEAR et al., Respondents.

Peters & Peters, Cresswell & Davis and John W. Finley for Appellants.

Price & Morony for Respondents.

PEEK, J.—The plaintiffs and cross-defendants have appealed from the judgments in favor of the defendants and cross-complainants in an action for damages arising out of a collision between two trucks. Plaintiff Taylor and plaintiffs O'Brien brought this action against defendant Gear and defendant Mentick as Gear's agent, Taylor claiming damages for personal injuries sustained by him and for damage done to his truck in said collision, and the O'Briens claiming damages for the destruction, loss and damage of certain articles of furniture owned by them which were being transported in Taylor's truck at the time of the collision. Gear cross-complained against both Taylor and the O'Briens for damages on account of the destruction of his truck by reason of the said collision, alleging that Taylor was the agent of the O'Briens at the time of the collision, acting within the scope and course of his employment.

The findings of the trial court pertinent to this appeal were that Taylor operated his truck in a negligent manner and that the collision was a direct and proximate result of his negligence; that Mentick as the agent of Gear operated Gear's truck in a careful and proper manner and that the collision was not in any way due to the fault of Gear or Mentick. Judgments were entered in favor of Gear and Mentick on the complaint and in favor of Gear on the cross-complaint as against Taylor.

While the evidence was in sharp conflict as to how the accident occurred, the testimony favorable to respondents supports the following version of the collision. Around 6 o'clock p. m. on January 21, 1948, Mentick was driving Gear's 1938 Ford V-8 flatbed truck in a northerly direction on Highway 99-E, accompanied by Gear and a third person. As they reached the Rock Creek Bridge, about 6½ miles north of Chico, Mentick decreased his speed from 45 miles per hour to about 25 miles per hour. Immediately after his truck was on the bridge a 1947 Chevrolet van type truck owned and driven by Taylor entered the bridge from the opposite direction at a speed of about 45 miles per hour. The lights of Taylor's truck were on high beam, creating a blinding glare, and its left front wheel was on the white line marking the center of the highway. The two vehicles collided south of the center of the bridge. There was some contact between the left front portions of the two trucks, but the greatest impact was when the corner of the bed of Gear's truck connected with the corresponding corner of the van of Taylor's truck. The van of Taylor's truck was torn loose and separated from the chassis. Immediately following the collision Gear's truck traveled diagonally across the road a distance of 8 to 14 feet coming to rest on the west side of the bridge. Taylor's truck traveled about 75 feet after the impact, coming to rest on the east side of the highway off the pavement. Both Taylor and Mentick testified that they were driving in their respective lanes, each as close as possible to the rail of the bridge on his right side. Each testified that the other truck was partly over the center line just before the collision. However, it is not disputed that neither driver applied his brakes prior to the collision, and that Taylor did not take his foot off the accelerator before the accident occurred. The bridge was approximately 132 feet in length and 19 feet in width. Neither truck exceeded 8 feet in width. While considerable damage was done to the west railing of the bridge as the result of Taylor's truck crashing against it, no damage was done either to the east railing or to the right side of Gear's truck.

Insofar as appellants' contentions relate to the insufficiency of the evidence to sustain the findings and judgments, they are at the outset confronted with the well established rule that where there is a substantial conflict in the evidence the findings of the trial court resolving that conflict will not be disturbed on appeal. In order to avoid the application of this rule appellants contend that the evidence tending to show

negligence on the part of Taylor is inherently improbable. The argument is thus developed: If respondents' testimony is to be accepted that Gear's truck was at all times prior to the collision as close to the right rail of the bridge as possible, then, in view of the width of the bridge, part of Taylor's truck must have crossed over to the left of the center line in order for the collision to occur; but, argue appellants, if Taylor's truck thus struck Gear's truck, the latter vehicle would have been impelled to its right, crashing against the bridge on that side, and could not possibly have veered to the left and crossed over to the other side of the road. This, say appellants, is required by the laws of physics.

Assuming for the purposes of argument that the only evidence of negligence on Taylor's part is this inference that he crossed over the center line and thus brought about the collision, such inference is not inherently improbable. In the first place, appellants have failed to demonstrate clearly how the physical laws pertaining to colliding bodies make respondents' version of the accident necessarily improbable. But in any event, while an appellate court must recognize that certain facts are controlled by immutable physical laws, the tests of common sense and common knowledge of physical laws must be applied with great care to a given set of facts. ■ As was stated in *Bennett* v. *Chandler*, 52 Cal.App.2d 255, 262 [126 P.2d 173], "Experience and observation teach that strange things sometimes happen in the world of physical phenomena and accidents sometimes appear to happen in a manner unaccountable. For these reasons an appellate court must be careful not to give to dogmatic and undemonstrated conclusions respecting natural laws precedence over the testimony of apparently credible witnesses; and the mere fact that the admitted circumstances make the story of the witnesses seem improbable will not justify a reversal by an appellate tribunal on the ground that the verdict is contrary to the evidence. (*Austin* v. *Newton*, 46 Cal.App. 493 [189 P. 471])."

■ Appellants next contend that respondents were guilty of contributory negligence as a matter of law by failing to apply the truck's brakes immediately upon being confronted by the blinding headlights of the approaching truck. Appellants rely upon *Meads* v. *Deener*, 128 Cal.App. 328 [17 P.2d 198], for the proposition that when a driver is blinded by the glare of the sun or the headlights of approaching cars he is required immediately to bring his vehicle to a stop.

As we read that case and the cases therein cited, the driver under such circumstances is required to slacken speed and have his car under such control that he might stop it immediately if necessary. Under the circumstances of the present case, it cannot be said that respondent Mentick was contributorily negligent as a matter of law by reason of his failure to stop, since there was evidence that he had the truck under control, keeping it as close as possible to the right rail of the bridge; and it further appears from his version of the accident that he could not have avoided the collision by stopping. It cannot be said that the finding that the accident was in no way caused or contributed to by the negligence of either Mentick or Gear is not supported by the evidence.

Appellants have quoted a portion of the trial court's opinion wherein it is stated that the trial court was "convinced that the sole and proximate causes of the collision involved in the case were the speed of plaintiff Taylor's truck . . . and the blinding lights on said truck." Appellants then proceeded to argue that the evidence establishes that Taylor's truck was proceeding at a lawful rate of speed, and that Mentick was not blinded by the lights of said truck. ■ We need only point out that the real issue is whether or not the evidence supports the findings, and the opinion of the trial court may not be substituted for or used to modify the findings. (*Strudthoff* v. *Yates,* 28 Cal.2d 602 [170 P.2d 873].)

■ It was sufficient for the trial court to find the ultimate fact of Taylor's negligence, and appellants cannot complain of the court's failure to find what specific acts of Taylor constituted negligence. (*Pellegrino* v. *Los Angeles Transit Lines,* 79 Cal.App.2d 40 [179 P.2d 39]; *Williams* v. *McDowell,* 32 Cal.App.2d 49 [89 P.2d 155].)

Appellants' final contentions relate to the failure of the trial court to make a finding on the issue of an agency relationship between Taylor and the O'Briens. Since judgment on the cross-complaint was not rendered against the O'Briens, they have not been prejudiced by the court's failure to find that Taylor was not their agent, at least so far as the cross-complaint is concerned. ■ Neither party can complain of the failure to make a finding which would not have benefited either. (*Ivancovich* v. *Bertossi,* 202 Cal. 770, 777 [262 P. 748].) Appellants' contention that a finding as to the absence of agency between Taylor and the O'Briens would have entitled the O'Briens to a judgment against respondents is without merit. Since the trial court found that respondents

were free from negligence, and we have concluded that that finding is supported by substantial evidence, the O'Briens had no cause of action against respondents, regardless of whether or not Taylor's negligence is imputed to the O'Briens.

The judgments are affirmed.

Adams, P. J., and Van Dyke, J., concurred.