[Civ. No. 4678.   Fourth Dist.   June 3, 1954.]

ROBERT K. LIGHT et al., Plaintiffs, v. IRA CORTES CAGLE et al., Respondents; KATHRYN CHRISTINE LIGHT, a Minor, etc., Appellant.

*Assigned by Chairman of Judicial Council.

David E. Peckinpah, Denver C. Peckinpah and Charles F. Hamlin for Appellant.

Stammer, McKnight & Barnum for Respondents.

MUSSELL, J.—This is an action to recover for personal injuries and property damage sustained by plaintiffs in a collision between a Packard automobile being driven by plaintiff Robert K. Light and a Mack truck and trailer owned by defendant F. N. Rumbley Company, a corporation, and being driven by Ira Cortes Cagle. In a second cause of action, plaintiff Kathryn Christine Light, who was riding in the Packard automobile with her father and mother, sought recovery for personal injuries sustained by her in the same

collision. A jury trial resulted in a verdict in favor of the defendants in both causes of action and the minor plaintiff, alone, appeals from the judgment.

The contentions of appellant are that the verdict of the jury was not justified by the evidence and that the testimony of the witnesses for the defendants in direct conflict with the proved physical facts does not create a substantial conflict in the evidence as to the negligence of the defendants as the proximate cause of the collision.

The accident occurred at approximately 6 p. m. on June 22, 1951, at the west entrance to an underpass on United States Highway 40, which at the scene of the collision runs in a generally easterly and westerly direction and is a two-lane highway with a white center dividing line. The highway, for approximately 800 feet westerly of the underpass, slopes downward into the underpass and near it there is a highway sign indicating a curve to the left and limiting speed of vehicles to 30 miles per hour. Defendant Cagle was driving the truck and trailer in a westerly direction and entered the underpass at a speed of 12 to 15 miles per hour. He observed plaintiff Robert Light's car approaching from the west at a speed of 50 to 55 miles per hour. Cagle testified that he brought his equipment to a full stop as he was emerging from the west entrance of the underpass. Light applied his brakes when about 150 feet west of the entrance. His Packard car swerved over the center line of the highway and struck the left front end of Cagle's cab. The Packard left skid marks on the highway for approximately 150 feet west of the point of impact and the last 6 feet of these marks west of this point were approximately 31 inches on the north side of the white line.

Photographs of the truck and trailer taken soon after the collision and before the truck was removed show the left front wheel of the cab to be several inches south of the dividing line of the highway and the left rear wheel of the trailer to be on the white line. Appellant argues that these photographs, together with testimony of plaintiffs' witnesses, establish as a matter of law that the truck and trailer were traveling over the white line and on the wrong side of the highway at the time the accident occurred. We cannot agree with this proposition. Cagle testified that at all times before the collision his equipment was entirely on the right or north side of the dividing white line and that his truck was stopped at the time of the impact. This testimony was corroborated by

another witness (Brown) who also testified that the Packard was still moving at a speed of 35 to 40 miles per hour at the moment of the impact. Further corroboration of the testimony of these two witnesses is found in that of the traffic officer who visited the scene of the accident shortly after it occurred and observed the position of the truck and trailer and the skid marks on the highway. Witnesses for the plaintiffs testified that the truck and trailer were over the white line on the wrong side of the highway as they came through the underpass. This testimony presented a substantial conflict in the evidence. The jury evidently believed the testimony of Cagle, Brown and the other witnesses for the defendants and resolved the conflict in their favor. While the photographs show that the left front wheel of the truck cab was over the white line, Brown testified that when the Packard hit the truck "It just seemed like he kind of angled the front end of the truck a little over with him." Cagle testified that his equipment was knocked backward about 12 or 18 inches. Cagle also testified that the truck and trailer he was driving weighed about 34,000 pounds at the time of the accident and it was stipulated that the Packard weighed 3,800 pounds. When we consider the weight of the vehicles involved, the angle at which the Packard collided with the truck, and the speed of the Packard (35 to 40 m.p.h. at the moment of the impact), we cannot say as a matter of law that the truck was traveling over the white line at the time of the collision or that the testimony of defendants' witnesses in this connection is inherently improbable. The fact that the left front wheel of the cab was over the white line and the left rear wheel of the trailer was on it, does not establish as a matter of law that the truck and trailer were traveling over the white line at the time of the collision as contended by appellant. It is apparent from the photographs that all of defendants' equipment, except the left front wheel of the cab and the left rear wheel of the trailer, was north of the white line. If as plaintiffs argue, the equipment was being driven through the underpass over the white line and partially on the south side of the highway, it seems reasonable to assume that all of the wheels on the left side of defendants' equipment would be on the south side of the dividing white line and would remain there after the collision.

It is a settled rule that on appeal the appellate court will view the evidence in the light most favorable to respondent; will not weigh the evidence; will indulge all intendments and reasonable inferences which favor sustaining the

finding of the trier of fact; and will not disturb the finding of the trier of fact if there is substantial evidence in the record in support thereof. (*Berniker* v. *Berniker*, 30 Cal.2d 439, 444 [182 P.2d 557].) Substantial evidence is defined in *Estate of Teed*, 112 Cal.App.2d 638, 644 [247 P.2d 54], and it is there said that the word "substantial" clearly implies that such evidence must be of ponderable legal significance; that the word cannot be deemed synonymous with "any" evidence; that it must be reasonable in nature, of solid value; and that it must actually be "substantial" proof of the essentials which the law requires in a particular case.

■ In the instant case, as is our duty (*Potter* v. *Pacific Coast Lbr. Co.*, 37 Cal.2d 592, 598 [234 P.2d 16]), we have analyzed the record for the purpose of determining whether or not there is any evidence of a substantial character which reasonably supports the judgment as applied to the particular facts of this case and our conclusion is that the question of whether defendants' truck was being driven over the white line and in the south traffic lane was a question of fact for the jury; that its determination of this fact is supported by substantial evidence within the meaning of the term as defined in *Estate of Teed, supra.*

In *Bramble* v. *McEwan*, 40 Cal.App.2d 400, 409 [104 P.2d 1054], the court said, quoting from *Nagamatsu* v. *Roher*, 10 Cal.App.2d 752, 756 [53 P.2d 174]:

" 'Perhaps there is nothing more certain about an automobile accident than the fact that the visible results afterwards are not an infallible guide in determining what occurred' . . .''

And in *Taylor* v. *Gear*, 108 Cal.App.2d 517 [239 P.2d 11], we find the following language:

" 'Experience and observation teach that strange things sometimes happen in the world of physical phenomena and accidents sometimes appear to happen in a manner unaccountable. For these reasons an appellate court must be careful not to give to dogmatic and undemonstrated conclusions respecting natural laws precedence over the testimony of apparently credible witnesses; and the mere fact that the admitted circumstances make the story of the witnesses seem improbable will not justify a reversal by an appellate tribunal on the ground that the verdict is contrary to the evidence.' ''

■ There was evidence that for about an hour after the accident defendants' truck was not moved from its position when struck by the Packard; that during this period traffic

passed through the underpass south of the truck and trailer, indicating that the Packard had ample room to pass to the right of the truck and thus avoid the accident. There was substantial evidence to support the implied finding of the jury that the driver of the truck involved was not negligent; that his conduct was not the proximate cause of the accident; and that the sole cause of the accident was the failure of plaintiff Light to drive his car in his proper traffic lane. These were conclusions of fact for the jury and its determination will not be disturbed on appeal where, as here, it is supported by substantial evidence.

Judgment affirmed.

Barnard, P. J., and Griffin, J., concurred.