[Civ. No. 5017. Fourth Dist. Dec. 13, 1954.]

CHARLES L. SHAHA et al., Appellants, v. BEN E. FREY et al., Respondents.

510

Coudures & Carter for Appellants.

L. Donald St. Clair for Respondents.

GRIFFIN, J.—Plaintiffs and appellants Charles L. Shaha and wife brought this action against defendants and respondents Ben E. Frey, Frey Industries et al. for claimed negligence resulting in property damage to plaintiffs. By way of defense, in the answer, defendants claim no negligence on their part, contributory negligence on the part of plaintiffs, and that the fire resulting in the damage claimed was unavoidable.

The evidence shows that on September 17, 1951, plaintiffs owned a dwelling house near Perris, and were using butane type fuel for cooking and water heating. A stationary tank located on plaintiffs' property was "right up against" and practically within 3 feet of the dwelling. The water heater

was located on the front porch about 8 feet from the tank. The stove was in the kitchen which was also near the tank. Defendant Frey had been supplying fuel to plaintiffs for about nine months. On the day in question he was in the process of transferring gas from a tank truck to this stationary tank of plaintiffs. This stationary tank was owned by plaintiffs. Another company had been serving it prior to the time defendant started to do so.

Defendant testified he asked plaintiff Mr. Shaha to move the tank away from the house at the time he started serving it, because it would be safer; that plaintiff replied that he did not want to move it because it would ruin his flower bed. The tank had a safety valve on it to release gas and to relieve pressure in the tank when the pressure was too high or the tank was too full, or when the temperature became too warm. On this day the temperature was about 100 degrees. Defendant stopped his truck about 20 feet from the tank, went over and ''gauged'' it, and started the pump by means of the truck motor. The fill valve which operates like a bicycle pump on a tube was stuck, and while defendant was standing there the safety valve started blowing off vapor gas. Defendant testified that he never did attach the fill hose to this tank; that he went to the truck to shut off the motor and returned, and while he was standing near the stationary tank the escaping gas caught on fire and the house burned to the ground. Defendant was burned on the face but was able to drive his truck away from the scene for safety purposes.

Plaintiff's testimony was that when defendant first came to service the tank, nine months before, he asked defendant if they should turn the fire out in the water heater and stoves when he started to fill the tanks and that defendant said ''No'', that it did not make any difference; that he never did discuss with defendant anything about moving his stationary tank away from the house; that on the afternoon of the fire he and his wife were painting in the house; that he heard the noise of escaping gas and went outside and found that his house was burning.

Mrs. Shaha testified she knew the butane delivery was being made and subsequently heard a hissing noise, looked out the window and saw the defendant at the tank; that she later saw him pounding on their stationary tank with a metal trowel; and that the tank exploded and the house burned. She said the driver from the other company had told them that any fire in the house should be turned off while the

tank was being refilled and that if they did not do it the driver for that company would always come in and do it himself.

Plaintiff's brother testified he saw defendant drive up, attach the hose from the truck to the stationary tank, start the motor, and then, in a few seconds, white vapor came spewing from the tank; that defendant stopped the motor, returned to the tank and detached the hose, picked up a trowel, hammered on the tank, and suddenly a flash occurred and the house burned.

Plaintiffs' expert witness testified it was dangerous to allow any flame or fire in the area when tanks were being filled with such gas, and that the safety valve on the tank, although it was not in very good condition, indicated, by the number thereon, that it was an approved and accepted design, and that the tank showed no evidence of having exploded.

The judge signed written findings, finding in general that the allegation of plaintiffs' complaint in reference to the negligence of defendants was untrue. In an oral opinion he stated that the fire could have been caused in any one of three different ways: (1) by sparks from the hammering on the tank, but he ruled that out because at the time the fire started there apparently was no such hammering; (2) by the butane tank itself being defective or having a defective valve which allowed the gas to escape; that in such case the defendants would not be any more liable than would plaintiffs for maintaining the tank in that condition; (3) by someone negligently permitting the tank to be filled while outlets were still lighted in the house; but if this theory was followed plaintiffs would be as negligent as defendants in this respect and accordingly plaintiffs would be guilty of contributory negligence. He then concluded that he could find no basis for the application of the doctrine of res ipsa loquitur because he could not find from the evidence that the instrumentality causing the fire was under the exclusive control of defendants, and that there was no burden upon defendants to keep the tank in proper condition; that there was "no basis whatever that I can find showing negligence" of defendants, and accordingly the doctrine would not apply.

As will be noted, the court signed no findings indicating that defendants were negligent or that plaintiffs were guilty of contributory negligence. Had the court's written findings followed the reasoning stated in its oral opinion in reference

to the claimed negligence of the defendants and the contributory negligence of plaintiffs, no question would here arise as to the sufficiency of the evidence to support the judgment. The court found that defendants were not negligent. Therefore it was not necessary to find on the question of plaintiffs' contributory negligence.

█ It is the rule that no resort may be had to the language of the court in discussing the evidence at the conclusion of the trial where the finding is unambiguous and the record supports it. █ The written finding is the ascertainment of the fact by the judge. It is the court's decision upon the facts. █ The reasoning of the judge in announcing his decision is not such part of the record as may be used for the purpose of establishing a fact in the case when findings are filed. The entire record of the evidence and the findings are before us. The language employed by the judge in his extemporaneous announcement of his findings can serve no particular office. (*Herman* v. *Glasscock,* 68 Cal. App.2d 98 [155 P.2d 912].)

The only question is whether the evidence would support the findings made. █ In support of the judgment we must assume as true any evidence produced which would support those findings. (*Campion* v. *Continental Cas. Co.,* 94 Cal.App. 621, 625 [271 P. 786]; *Davidson* v. *American Liquid Gas Corp.,* 32 Cal.App.2d 382, 390 [89 P.2d 1103].)

█ The evidence is somewhat similar to the facts in *Davidson* v. *American Liquid Gas Corp., supra,* reviewed by this court. However, in that case there was a finding in favor of plaintiffs as to defendants' negligence. In the instant case there is evidence that the instrumentality, i. e., the stationary tank was the property of plaintiffs and maintained by them on their premises for the purpose of storing the gas. Apparently its relative location to the house was of plaintiffs' choosing. At any rate, it was not defendants' responsibility. Plaintiffs, according to the evidence, had knowledge of the fact that such location was dangerous under the circumstances, and the facts established so indicated. There is likewise evidence that the safety valve on that tank was defective and that this caused the gas to escape; that plaintiffs, notwithstanding notice of the fact that no flames should be allowed to burn in any fixture in the house or on the porch while the tank was being refilled, allowed them to burn with full knowledge that defendant was filling their tank at the time; that any one or all of these acts constituted negligence

on the part of plaintiffs, and if true, might well have been the proximate cause of the fire and damage which resulted; and that the acts of the defendant did not contribute proximately to such damage. At least the trial court was justified in so believing. While the evidence might well have supported a judgment in favor of plaintiffs (*Sawyer* v. *Southern California Gas Co.*, 206 Cal. 366 [274 P. 544]), in the face of the conflicting evidence on the subject we cannot say, as a matter of law, that defendant was negligent and that such negligence was a proximate cause of the damage.

The additional contention of plaintiffs is that the trial court erred in failing to apply the doctrine of res ipsa loquitur, and in denying the plaintiffs the benefit of the inference arising therefrom, citing such cases as *Zentz* v. *Coca Cola Bottling Co.*, 39 Cal.2d 436, 445 [247 P.2d 344]; and *Black* v. *Partridge*, 115 Cal.App.2d 639 [252 P.2d 760]. Since the trial was had without the benefit of a jury, and since the pleadings and findings do not indicate whether the trial court considered the application of the doctrine, we have no method of determining that fact other than the oral summarization of the trial judge in announcing his decision. There he stated he did not believe the elements necessary to its application had been established. This is normally a factual question. (*Pruett* v. *Burr*, 118 Cal.App.2d 188, 189 [257 P.2d 690].)

The Zentz case directly holds, in applying the doctrine, that the requirement of control is not an absolute one; that the doctrine will not ordinarily apply if it is equally probable that the negligence was that of someone other than the defendant; that it must appear that the defendant had sufficient control or connection with the accident that it can be said that he was more probably than not the person responsible for plaintiff's injury and that the plaintiff may properly rely upon res ipsa loquitur even though he has participated in the events leading to the accidents if the evidence excludes his conduct as the responsible cause. For a further discussion of the subject matter see *Davidson* v. *American Liquid Gas Corp., supra.* Here the court found, upon sufficient evidence, that the damage was not due to defendant's negligence. Accordingly, the doctrine was not necessarily applicable.

We do not feel disposed to order a reversal of the judgment merely because the evidence might have justified the application of the rule of res ipsa loquitur by the trial court,

where it is apparent that the ultimate judgment would be the same, particularly if the reasoning expressed in the trial judge's oral opinion as to the contributory negligence of plaintiffs is followed.

Judgment affirmed.

Barnard, P. J., and Mussell, J., concurred.