[Civ. No. 19089.   First Dist., Div. One.   Feb. 7, 1961.]

CECILIA LEWETZOW, Respondent, v. WARREN M. SAPIRO, Appellant.

Allan L. Sapiro for Appellant.

Malcolm N. McCarthy and Richard G. Logan for Respondent.

TOBRINER, J.—Appellant, the defendant in an automobile collision action, urges on appeal: (1) the court's "failure to find on all material issues" constituted reversible error; (2) the court's findings "are contrary to the positive declarations and admissions" of respondent; (3) respondent "failed to overcome the prima facie evidence of how the accident happened"; (4) respondent showed "no causal relationship" between the accident and her injuries; and (5) the trial court erred in not granting appellant's motion for a new trial on the ground of surprise. We have concluded that appellant's allegations cannot be sustained: the trial court rendered findings, supported by the evidence, on all material issues; respondent sustained her burden of proof as to the circumstances of the accident and her ensuing injuries; the court properly denied appellant's motion for a new trial.

On the date of the accident, January 31, 1958, at about 4 p.m., respondent, a female taxicab driver, drove two children, aged 8 and 11, from the Navy Base at San Bruno, California, to their homes in Pacifica. She proceeded west on Sneath Lane toward Skyline Boulevard. On approaching the intersection, which joined Skyline Boulevard at an angle, she stopped at the arterial stop sign. She testified that the stop sign was about 15 feet back from the highway. While she was fully stopped, appellant's car struck her cab from the rear. The impact first threw her back and then forward, so that she hit the steering wheel. The children were not injured, and the only damage to her cab consisted of a dented bumper.

On cross-examination respondent reasserted her testimony that she had stopped at the stop sign, about 15 feet back from the highway, and denied moving her cab again before the collision. One of the two children passengers testified that respondent had stopped the cab at the stop sign to wait for a car to pass on Skyline when the accident occurred. The other child stated that the cab had stopped at the time of the collision.

We encounter a different version of the accident from other sources. On the day following the accident respondent spoke by telephone to an officer of the San Bruno Police Department and her account, according to the officer, described two separate stops by respondent. The officer testified: "Mrs. Lewetzow stated that she was traveling west on Sneath Lane and upon reaching the arterial stop sign located at that intersection, she made the required stop. . . . She then stated that after making the required stop, she proceeded to travel onto

Skyline in the direction of Skyline Boulevard in order to travel north on same. She stated that she had reached a point approximately 30 feet east of the traveled portion of Skyline Boulevard and was forced to stop for the second time due to the traffic traveling on Skyline. Stated when she made the second stop Mr. Sapiro failed to do so.'' The officer also testified that the arterial stop sign was located a little better than 83 feet east of the traveled portion of Skyline.

Appellant likewise testified that respondent made two stops: ''The plaintiff stopped at the arterial on Sneath Lane. . . . I rolled up to the stop sign and I stopped and looked to the left, and the plaintiff was going very slowly. Started up and the plaintiff stopped without giving any signal, suddenly, and I bumped the plaintiff.'' The depositions of the two passengers in appellant's car, who could not testify at the trial because of sickness, corroborated appellant's account. They both declared that the cab stopped, proceeded, and then stopped again, at which time the collision occurred.

Appellant's first contention, that the trial court failed to render findings on material issues and that the 1959 amendments to sections 632 and 634 of the Code of Civil Procedure especially sustain this position in that he requested certain specific findings, collapses, as we shall show, on the proposition that the issues to which appellant alludes are not material issues.

The trial court found, among other matters, that (1) appellant's automobile struck the rear of respondent's taxicab while it was ''stopped at an arterial stopsign on Sneath Lane near Skyline Blvd.''; (2) appellant was negligent in said connection; (3) this negligence was the sole and proximate cause of personal injuries to respondent; (4) respondent was free from contributory negligence; (5) respondent incurred special damages in the sum of approximately $5,500 as a result of the said accident; and (6) respondent suffered general damages in the sum of $10,000.

The trial court refused appellant's request to find as to the truth of the following: (1) that the arterial on Sneath Lane was set back approximately 83 feet from Skyline Boulevard; (2) that the place where the collision occurred was approximately 30 feet east of Skyline Boulevard; (3) that respondent did not give or use any signal to indicate she was stopping or was stopped; (4) that respondent's taxicab was in a stopped position on Sneath Lane to allow traffic on Skyline Boulevard to go past.

It is axiomatic that a finding of ultimate fact embraces the necessary probative facts to sustain it. Inclusion of evidentiary facts would add nothing of value and would needlessly embellish the structure of the findings with rococo details. Two cases, *Carlson* v. *Stanbitz* (1935), 7 Cal.App.2d 455 [45 P.2d 820], and *Pellegrino* v. *Los Angeles Transit Lines* (1947), 79 Cal.App.2d 40 [179 P.2d 39], illustrate this principle. In both cases the plaintiffs pleaded negligence in general terms. The appellate courts held that the trial courts, in rendering judgments for the defendants, did not err in failing to render findings as to "evidentiary" facts; findings of ultimate facts sufficed. (To the same effect: *Richter* v. *Walker* (1951), 36 Cal.2d 634 [226 P.2d 593]; *Logan* v. *Forster* (1952), 114 Cal.App.2d 587 [250 P.2d 730].)

Appellant's authorities merely announce the general proposition that failure to find on a material issue constitutes reversible error. Thus the appellate court in *San Jose etc. Title Ins. Co.* v. *Elliott* (1952), 108 Cal.App.2d 793, 801-802 [240 P.2d 41], held that the trial court committed reversible error because it "made no findings at all on the main defense of appellants, namely, fraud" (p. 801), although the issue had been pleaded and evidence introduced which would have supported a finding of fraud, and in *Hicks* v. *Barnes* (1952), 109 Cal.App.2d 859, 862 [241 P.2d 648], the appellate court reversed the trial court on the ground that it made no findings on the issue of contributory negligence although the pleadings and the evidence presented the issue. In *Severance* v. *Knight-Counihan Co.* (1947), 29 Cal.2d 561 [177 P.2d 4, 172 A.L.R. 1107], a majority of the court did not reverse but affirmed the judgment, holding that a finding of collusion, fraud, and inadequate consideration included an implied finding that "the taking of action by defendant's creditors was a condition precedent to the exercise of plaintiff's rights under the contract" (p. 567); appellant's quotation from Justice Edmonds, one of the three dissenting justices, recognizes the general proposition that "findings are required upon all *material* issues. . . ." (P. 576; emphasis added.)

Appellant's reliance upon the 1959 amendments does not advance his position. It is true, as appellant states, that section 632 of the Code of Civil Procedure, as amended, provides: "The statement of facts found shall fairly disclose the court's determination of all issues of fact in the case." This directive, however, did not encompass the finding of *immaterial* issues of fact. As appellant says, "the amendments of Sections

632 and 634 do not create new rules of practice, but are legislative expressions that the courts conform to the proper procedure." Indeed, in explaining the purposes of the amendment one of its leading proponents states: "Trial courts can fail or refuse to find fairly on the issues of fact *on which the case turns* or can seek to carry out the purpose of the amendments. When and if requests for special findings are made, the trial court and counsel should seek to make a record that will enable the parties and the appellate court to pinpoint claimed errors of law." (Horton, "Findings of Fact" (1959), 34 State Bar J., pp. 850, 856; emphasis added.)

Applying to appellant's contention the most liberal and sensitive consideration we do not believe findings as to the specific location of the accident, the distance of the arterial sign on Sneath Lane from Skyline Boulevard, the factor of respondent's waiting for Skyline traffic to pass, and the absence or presence of a signal, would constitute findings on material issues of fact. The court found that appellant's car struck the rear of the cab of respondent when it was stopped at the arterial stop sign on Sneath Lane near Skyline Boulevard; that appellant was negligent; that the negligence was the proximate cause of the injury. In view of the court's decision on the principal issues and the ultimate facts, the matter of distances, the time sequence, and related subjects are immaterial. Accordingly, the court was not required to render findings on such matters.

Appellant's second point that the findings are not supported by the evidence rests upon the propositions: (1) "The findings of the trial court are contrary to the positive declarations and admissions" of respondent, and (2) respondent "failed to overcome the prima facie evidence of how the accident happened."

The first proposition, we believe, rests upon an erroneous assimilation of admissibility of the officer's statement, as an alleged admission of respondent, with its conclusiveness as to the truth of the facts contained within it. Appellant correctly states that the officer's testimony was admissible and that it served as "prima facie evidence," but that characteristic did not make it irrefutable. Respondent's testimony at the trial that she was at the arterial stop when the cab was struck contradicts the account which the officer asserted she gave him. Respondent testified that when she spoke to the officer she was "kind of under sedatives." One of the children, who was a passenger in the cab, corroborated respondent's

testimony that the cab had stopped at the arterial sign when it was struck. Observing the witnesses, the trial court properly exercised its function of deciding which of the versions described the actual fact. It does not lie within our province to disturb a finding supported by substantial evidence.

Our previous decision of *Waters* v. *Spratt* (1958), 166 Cal. App.2d 80 [332 P.2d 754], although disapproved by the Supreme Court in *Kusior* v. *Silver* (1960), 54 Cal.2d 603, 616 [7 Cal.Rptr. 129, 354 P.2d 657], as to another issue not germane here, supports our conclusion. In that paternity action defendant relied upon the defense that the husband had access to the wife during the critical period of conception. The deputy district attorney testified that plaintiff told him that she had seen her husband during that period. Another witness likewise so testified, but, at the trial, plaintiff, her husband, and her parents denied any access. While plaintiff did not deny the ''fact of making the statement'' to the deputy she testified that she ''could not remember'' making it. (P. 83.) ▆▆▆ This court held: ''Evidence of an admission is not conclusive of the facts stated in the admission or of the inferences to be drawn from them. . . . This being the case, it cannot be said that the finding of nonaccess is unsupported by the evidence, or that the court should have found access as a matter of law.'' (Pp. 83-84.)

Appellant's cases, holding that an admission or statement against interest ''tends to prove the truth of the matter admitted'' (*Bonebrake* v. *McCormick* (1950), 35 Cal.2d 16, 19 [215 P.2d 728]), do not proceed to the length appellant asks of us here: that despite contradictory evidence such a statement must be deemed conclusive. We cannot, in the face of a trial court's contrary finding, fashion such a statement into an irrefutable posit of the truth of the facts which it asserts.

▆▆▆ Appellant's second objection to the findings repeats in another form the substance of the first, apparently resting particularly upon sections 1920 and 1926 of the Code of Civil Procedure to the effect that entries made by an officer in the course of official duty ''are prima facie evidence of facts stated therein.'' But appellant does not change the effect of the alleged admission by his contention that it was incorporated into an official entry; the official wrapping does not alter the nature of the package, and the facts contained within the statement remain rebuttable and subject to the trial court's

fact-finding process. We see no valid objections to the application of the process here.

Contending as a third point that respondent did not show a causal relationship between the accident and her injuries, appellant argues that the cancerous condition of respondent, rather than the whiplash injury, constituted the substantial, if not the sole cause of her suffering. To buttress the argument appellant cites the testimony of respondent's physician, Dr. Smookler, that he could not "separate" the part played by the cancer from the whiplash injury in causing pain to respondent. In the first place, respondent's doctor did ascribe certain of respondent's symptoms directly to the whiplash injury; he stated that in March, 1958, "the patient was suffering from a whiplash injury as a result of her accident which she sustained on January 31 and which was being manifested by" a series of symptoms which the doctor recounted. In August, 1958, she "still had residuals in the form" of described symptoms and complaints; in March, 1959, immediately prior to the trial, "she at that time . . . [had] residuals" from the original injury. Hence sufficient testimony supports a finding of injury independent of carcinoma.

In the second place, while carcinoma was discovered in July 1958, its existence did not break the causal chain between the accident and the injury. The doctor testified that "the accident probably hastened the manifestation of her carcinoma, and as a result of the accident, possibly caused her to sustain pathological fracture in her upper rib cage, or, at least, played a definite part in its development." Nor was the court required to segregate with certainty the symptoms or the injuries due to each of respondent's disabilities; it is impossible to fix with precision the proportion of the physical infirmity due to the cancer and to the trauma of the accident. It is enough that substantial evidence supports the trial court's finding that respondent "sustained a severe whiplash injury, injury to the cervical spine requiring hospitalization, and is still receiving medical attention; that plaintiff sustained pain and suffering, and injury to her person, to her general damage in the sum of $10,000.00."

Thus the court's findings and award are based upon the injuries caused by the whiplash injury. Even assuming the court included a factor for the acceleration of the cancerous condition, the record discloses substantial evidence upon which the award could rest. In any event, there is no basis for

holding that respondent's injury resulted exclusively from carcinoma and that the court's findings are therefore erroneous. The testimony is to the contrary.

Appellant's final contention is that he should have been granted a motion for new trial upon the ground of surprise in that "[t]he cancer testified to at length by Dr. Smookler was *never* mentioned in any of the pleadings or papers herein." The motion is neither supported by the affidavit requisite for its consideration (Code Civ. Proc., § 658; *Bate* v. *Miller* (1883), 63 Cal. 233; *De Felice* v. *Tabor* (1957), 149 Cal.App.2d 273, 276 [308 P.2d 377] ; *Gonsalves* v. *Petaluma Bldg. Materials Co.* (1960), 181 Cal.App.2d 320, 336 [5 Cal.Rptr. 332]) nor sustained by the record. At no time did appellant request permission to present medical testimony to refute respondent's doctor's testimony; neither did appellant request a continuance for such purpose. Yet a week elapsed between the rendition of the so-called "surprise" testimony and the submission of the cause. We could hardly hold the trial court abused its discretion in denying the motion under such circumstances. (*Coats* v. *General Motors Corp.* (1934), 3 Cal.App.2d 340, 356-357 [39 P.2d 838].)

The court rendered findings on the material issues; the findings were substantiated by the evidence; the accident was the proximate cause of the injuries, and the motion for new trial was properly denied.

We affirm the judgment.

Bray, P. J., and Duniway, J., concurred.

A petition for a rehearing was denied February 28, 1961, and appellant's petition for a hearing by the Supreme Court was denied April 5, 1961. Peters, J., and Dooling, J., were of the opinion that the petition should be granted.